■ FRANK GUADAGNOLO, Appellant, v TOWN OF MAMARONECK BOARD OF APPEALS, Respondent, and WILLIAM A. GUNN, JR., et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review respondent's determination which, after a hearing, denied petitioner's application for a use variance, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered October 16, 1975, which, *inter alia,* dismissed the petition. Judgment reversed, on the law, with costs, and matter remanded to the respondent board, with a direction that a use variance be granted to petitioner subject to any conditions and requirements which the board may deem appropriate, in accordance herewith. In this proceeding petitioner seeks review of a determination of the respondent Zoning Board of Appeals of the Town of Mamaroneck which denied his application for a use variance. The subject parcel was originally located in an area zoned for one-family homes; the permitted use was later extended to include office buildings. The latter use was not feasible herein since a private restrictive covenant limited the property to residential use. Petitioner applied to the board for a use variance to permit the construction of an apartment house. After a hearing conducted on June 18, 1975, the board denied the application on September 4, 1975 on the basis of self-imposed hardship, failure to show an inability to obtain a reasonable return for the purposes for which the land is zoned and an adverse impact on the neighborhood, which contains many one-family homes. Special Term found that the board had evidence before it that petitioner could obtain a reasonable return for one-family residences and that such evidence was sufficient to defeat his application. Special Term went on to note that the board had misinterpreted other principles relating to use variances, but that such misinterpretation would not "overrule the result reached" by the board. Specifically, it noted that there was no self-imposed hardship present in view of the unique physical problems inherent in the land itself (i.e., swampy conditions which necessitated substantial pilings) which required the incurring of necessary expenses by petitioner and that the board had confused the phrase "adverse impact on the neighborhood" with the proper concept to be used in use variance proceedings, i.e., that the use to be authorized by the variance will not alter, the "essential character of the locality" (see *Matter of Otto v Steinhilber,* 282 NY 71, 76). We agree with Special Term's critique of the board's determination regarding the concept of self-imposed hardship and its confusion regarding the phrase "essential character of the locality"; indeed, in view of the presence within the vicinity of the subject parcel of nine apartment houses, the evidence before the board indicated that the granting of the variance would not alter the essential character of the locality (see 2 Anderson, New York Zoning Law and Practice [2d ed], § 18.29). However, we disagree with Special Term's holding that the board had sufficient evidence before it to show that petitioner could obtain a reasonable return from one-family residences.

Petitioner had an initial hearing before the board in February, 1973 on his application for a use variance to permit the construction of an apartment house. The board denied the application on May 4, 1973. Special Term, by decision dated November 15, 1973, correctly noted that the legal considerations to be applied to petitioner's application were set forth in *Matter of Otto v Steinhilber (supra,* p 76), wherein the Court of Appeals stated: "Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality." Special Term, in its decision of November 15, 1973, was further of the opinion that petitioner had presented sufficient evidence to establish, prima facie, that the tract of land which he owned would not yield a reasonable return if used only for the purpose allowed; that petitioner's plight was due to unique circumstances and not to the general conditions in the neighborhood; and that petitioner's hardship was not self-imposed. Special Term nevertheless remanded the matter to the board for two reasons: (1) to afford petitioner the opportunity to call as many witnesses as he chose in order to present evidence in his behalf, since he may have been deterred in doing so by the board's acceptance of his witnesses' affidavits; and (2) to afford the board the opportunity to set forth the basis of its conclusion that the grant of the variance would alter the essential character of the locality. This court affirmed *(Guadagnolo v Town of Mamaroneck Bd. of Appeals,* 47 AD2d 812). A second hearing was thereafter conducted in June, 1975 and resulted in the board's determination of September 4, 1975. The judgment entered on October 16, 1975, which dismissed the petition, is the subject of this appeal. In our view, there was no evidence adduced at the second hearing to rebut petitioner's evidence that the land would not yield a reasonable return if used only for one-family homes. There was evidence in the record that the fair market value of the property was between $93,000 and $150,000, which amounts are significantly less than petitioner's total investment in the property of close to $300,000 and, that due to costly foundation piling which would have to be used for one-family homes, the price of such homes would be very costly and would meet with buyer resistance. Under all of the facts herein, petitioner met his burden under *Matter of Otto v Steinhilber (supra);* his application for a use variance should therefore have been granted. Accordingly, the matter has been remanded to the board for the granting of a use variance subject to such conditions and requirements as may be appropriate. Cohalan, Acting P. J., Damiani, Rabin, Titone and Hawkins, JJ., concur.