■ In the Matter of FAMILY OF WOODSTOCK, INC., Respondent, v SIGMUND AUERBACH et al., Constituting the Zoning Board of Appeals of the Village of Ellenville, Appellants. [638 NYS2d 825] —White, J.

In August 1992, a premises located within the Village of Ellenville, Ulster County, was donated to petitioner, a not-for-profit human services agency. The zoning classification for the property was for commercial and nonresidential uses. When acquired, the premises was already improved by a nonconforming 1,400-square-foot two-story structure. After seeking funding from the State to establish a residence for six homeless adolescents, petitioner was advised to modify its application to seek a greater sum and include therein a 16-foot by 27-foot expansion to the existing structure. Petitioner's grant application was thereafter awarded, contingent upon municipal approval of the expansion. Petitioner duly applied to the Village's Zoning Board of Appeals (hereinafter the Board) for what was ultimately determined to be a use variance. Following a hearing, petitioner's request was denied. Supreme Court annulled this determination and this appeal by respondents followed.

In order to obtain its use variance, petitioner was required to show unnecessary hardship by demonstrating (1) that the property cannot provide a reasonable return as it is currently zoned, (2) that the hardship results from the unique characteristics of the parcel, (3) that the proposed use will not alter the character of the neighborhood, and (4) that the alleged hardship has not been self-created (Village Law § 7-712-b [2] [b]; *see, Matter of Courtney v City of Albany Bd. of Zoning Appeals*, 177 AD2d 820). Here, although the Board agreed that petitioner established the first and third of these criteria, it nevertheless concluded that petitioner failed to demonstrate the uniqueness of its hardship and that this hardship was not self-created. Upon review of the record, we agree with Supreme Court that the Board's determination lacked a rational basis.

With respect to the subject of self-created hardship, there was uncontested proof presented that petitioner had no plans to expand upon the existing building until such condition was imposed upon it by the State. Therefore, since petitioner did not knowingly acquire the property for a prohibited use, we agree with Supreme Court that the Board acted arbitrarily and capriciously in determining that the hardship was self-imposed (*see, Matter of Eung Lim-Kin v Zoning Bd. of Appeals*, 185 AD2d 346, 347-348).

This leaves petitioner's failure to establish "unique circumstances" as the only basis for denying the variance. The general rule is where, as here, the landowner has made the requisite showing of financial hardship and compatibility of the proposed use with the character of the neighborhood, the variance should be granted since to deny it on the ground that "unique circumstances" have not been shown invites a potentially successful assault on the zoning ordinance as being confiscatory (*see*, *Matter of Jayne Estates v Raynor*, 22 NY2d 417, 425). The Court of Appeals subsequently noted that under the general rule set forth in *Matter of Jayne Estates v Raynor* (*supra*) only financial hardship and compatibility with existing land patterns are the standards for determining the right to a variance (*see*, *Williams v Town of Oyster Bay*, 32 NY2d 78, 81, n 1). Further, a noted commentator has observed that it is difficult to envision a case where a variance may be denied solely on the ground of failure to demonstrate "unique circumstances" where the proof of no reasonable return is sufficient to warrant a forecast of a successful constitutional assault on the zoning ordinance (*see*, 2 Anderson, New York Zoning Law and Practice § 23.25, at 194 [3d ed]).

Here, the undisputed proof shows that petitioner would receive a zero return on investment if the property was used for commercial purposes and only a 3% return if utilized as residential rental property, well below the reasonable expected return of 12% to 15% before taxes. In light of this evidence, we conclude that the denial of the variance cannot be sustained solely on the failure to establish "unique circumstances". Thus, we agree with Supreme Court that the Board's determination lacked a rational basis.

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.