[643 NYS2d 689]

In the Matter of SAVE THE PINE BUSH, INC., et al., Appellants-Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF GUILDERLAND et al., Respondents, and MICHAEL GIOVANONE, Respondent-Appellant.

Third Department, May 23, 1996

APPEARANCES OF COUNSEL

*Lewis B. Oliver, Jr.*, Albany, for appellants-respondents.

*DeAngelis, Kaplowitz, Murphy, Runion, Fritts & Whiting*, Delmar (*Kenneth D. Runion* of counsel), for Zoning Board of Appeals of the Town of Guilderland, respondent.

*Dennis C. Vacco, Attorney-General*, Albany (*John Sipos, Victoria A. Graffeo, Peter H. Schiff* and *James A. Sevinsky* of counsel), for New York State Department of Environmental Conservation, respondent.

*Wein, Young, Fenton & Kelsey, P. C.*, Guilderland (*Paul H. Wein* of counsel), for respondent-appellant.

### OPINION OF THE COURT

MIKOLL, J. P.

On February 2, 1994, respondent Michael Giovanone signed a contract to purchase a six-acre parcel of real property owned by OMF of Albany and located on Apollo Drive in the Town of Guilderland, Albany County. The parcel is adjacent to one of the last viable Karner Blue Butterfly populations and is within the primary protection area of the Pine Bush Preserve (*see, e.g., Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 200; *see also, Matter of Save The Pine Bush v Common Council*, 188 AD2d 969). The sale was made contingent upon Giovanone receiving approval from the appropriate governmental entity for the construction of a proposed adventure park called the Karner Dunes Adventure Park and consisting of a miniature golf course, a six-cage batting facility, a go-cart track, a clubhouse, pavilion and a 90-car parking area. The park is to be built on $4^1/_2$ acres of already paved land that has been in use as a parking lot. The remaining $1^1/_2$ acres are to

be donated to the Albany Pine Bush Preserve Commission. In February 1994, Giovanone submitted an application to respondent Town of Guilderland Zoning Board of Appeals (hereinafter the ZBA) for approval of the proposed project.

In April 1994, the ZBA declared that the project was a type I action under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) and required that Giovanone complete a full environmental impact statement (hereinafter EIS). Giovanone submitted the final EIS to the ZBA on August 16, 1994, and the ZBA held 10 public hearings concerning the proposed project between April and November 1994. The ZBA sent notices of its intent to act as lead agency on May 9, 1994. The Albany County Department of Health and respondent Department of Environmental Conservation (hereinafter DEC) each responded that they had no objection.

On October 18, 1994, the Nature Conservancy offered to purchase the proposed project site for $210,000 because of the presence of the Karner Blue Butterfly colonies near the site, but Giovanone refused the offer claiming that he had invested over $400,000 in the site.

On October 19, 1994, the ZBA approved the final EIS on the condition, *inter alia*, that 25% of the project site would be dedicated to the Albany Pine Bush Preserve Commission and that $25,000 plus 10% of the profits from the operation of the Adventure Park for seven years would be donated to the Guilderland Pine Bush Protection Fund for the acquisition and/or management of Pine Bush parcels in Guilderland. The ZBA granted Giovanone's application for a use variance and special use permit by resolution filed November 3, 1994 and order filed November 4, 1994.

Petitioners commenced the instant CPLR article 78 proceeding against the ZBA, DEC and respondent Commissioner of Environmental Conservation on December 5, 1994 seeking, *inter alia*, to nullify the use variance and special use permit granted by the ZBA. The petition alleged, *inter alia*, that the ZBA failed to take a hard look at the environmental impact of the project on the Karner Blue Butterfly population, that the project was a "taking" of an endangered species, and that there was insufficient proof that the zoning regulations caused undue hardship upon Giovanone. Giovanone intervened in the proceeding.

Answers by Giovanone, the ZBA and DEC asserted, *inter alia*, that the causes of action against them were barred by the Statute of Limitations. Supreme Court ruled that the claim

against DEC was time barred while the claims against the ZBA were not. Supreme Court further held that petitioners' claims against the ZBA were without merit and dismissed the petition. Petitioners appeal and Giovanone cross-appeals from so much of Supreme Court's judgment as found that petitioners' first four causes of action were not time barred.

■ The judgment of Supreme Court should be affirmed. The determination of the ZBA is supported by substantial evidence and has a rational basis.

■ Initially, we note that Giovanone was not aggrieved by the dismissal of the petition and had no need to file a cross appeal (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 544). However, the adverse Statute of Limitations issue may be raised by him as an alternative ground for affirmance (see, supra, at 545; Matter of Board of Educ. [Ramapo Teachers' Assn.], 200 AD2d 62, 65, lv denied 84 NY2d 806; Panetta v Tonetti, 182 AD2d 977, 978, lv denied 80 NY2d 756). Thus, Giovanone's arguments are considered in light of the above. We also note that petitioners, by failing to raise the issue of the timeliness of their claims against DEC in their initial brief on appeal, have waived appeal of that issue.

■ We reject Giovanone's argument that Supreme Court erred in concluding that petitioners' SEQRA and "takings" claims against the ZBA were not barred by the Statute of Limitations because the petition was filed more than 30 days following ZBA approval of the final EIS on October 19, 1994. Pursuant to the Town Law, a CPLR proceeding by persons aggrieved by zoning boards of appeals must be commenced "within [30] days after the filing of a decision of the board in the office of the town clerk" (Town Law § 267-c [1]). A proceeding challenging a determination based on alleged violations of SEQRA is to be commenced within the applicable time limit following "a decision that renders final the consideration of SEQRA issues" (Matter of Crepeau v Zoning Bd. of Appeals, 195 AD2d 919, 921) and commits the ZBA "to a course of action which could affect the environment" (supra, at 921-922).

Here, although the minutes of the October 19, 1994 ZBA meeting indicate that the ZBA approved the final EIS on that day, and the ZBA's resolution filed November 3, 1994 stated that it was based, in part, on the "SEQRA Resolution adopted by this Board on October 19, 1994", such a resolution did not trigger the running of the Statute of Limitations as to the ZBA (see, Matter of Long Is. Pine Barrens Socy. v Planning Bd., 78 NY2d 608, 613). The ZBA was not committed to a course of ac-

tion until its approval of the use variance and special use permit was filed in the office of the Town Clerk on November 4, 1994. Thus, petitioners' claims against the ZBA are timely.

Petitioners' contention that the ZBA improperly concluded that Giovanone demonstrated that the applicable zoning regulations caused unnecessary hardship pursuant to Town Law § 267-b (2) (b) is without merit. In order for the ZBA to grant a use variance on the basis of "unnecessary hardship", the record must establish that: "(1) the applicant cannot realize a reasonable return, provided that lack of return is substantial as demonstrated by competent financial evidence; (2) that the alleged hardship relating to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood; (3) that the requested use variance, if granted, will not alter the essential character of the neighborhood; and (4) that the alleged hardship has not been self-created" (Town Law § 267-b [2] [b]). The ZBA's determination respecting the four elements necessary to establish unnecessary hardship will be upheld if it is supported by substantial evidence and has a rational basis, but will be set aside where there is a showing of illegality, arbitrariness or an abuse of discretion (*see, Matter of Fuhst v Foley*, 45 NY2d 441, 444; *Matter of Oreiro v Board of Appeals*, 204 AD2d 964, 965; *Matter of Cunningham v Kerst*, 203 AD2d 636, 637).

In our view, the ZBA's conclusion that Giovanone could not realize a reasonable return on the property was supported by substantial dollars and cents proof of all matters bearing upon whether a reasonable return on the property was available under the existing zoning (*see, Matter of Village Bd. v Jarrold*, 53 NY2d 254, 257; *see also, Matter of Belgarde v Kocher*, 215 AD2d 1002, 1002-1003). The record contains three letters from Nick De Mase, a commercial real estate broker, discussing his unsuccessful attempts to sell the property for its prior owner, OMF of Albany, because of the property's location adjacent to the Pine Bush Preserve and the fact that the site is not on the public water system. The ZBA also considered letters from Giovanone's engineers, ABD Engineers and Surveyors, which reviewed cost analyses of two possible uses of the property under existing zoning and concluded that there would be a net negative return on the investments.

We also reject petitioners' argument that the Nature Conservancy's $210,000 offer to purchase the property is evidence that a reasonable rate of return could be had on the land. The ZBA's determination was not based on marketability

alone as the assessment by ABD Engineers and Surveyors focused on the rate of return on the property from the point of view of a purchaser's industrial use of the property, not the rate of return on the mere sale of the property.

We find that petitioners fail in their contention that the hardship is not unique to Giovanone's property because the property's uniqueness springs from its proximity to the Pine Bush preserve area, a condition common to and shared by all the neighboring properties. Significant distinguishing characteristics make the property in question unique: (a) it is the only property in the Apollo Drive area which has been improved for an industrial use (as a tractor-trailer depot), which use was discontinued more than four years ago at the time the property was listed for sale, (b) it is now obsolete as there is no current market for the property as a tractor-trailer depot, and (c) the cost of removing approximately $4^{1}/_{2}$ acres of blacktopped pavement is excessive. Additionally, the paved acreage is not burnable, frustrating a goal of the Commission to obtain additional preserve acreage that is fire manageable, and the proposed project is for a less intensive land use than its present industrial use. Also, as a condition of the approval, $1^{1}/_{2}$ acres of green land will be donated to the Albany Pine Bush Preserve Commission (*see*, *Matter of La Dirot Assocs. v Smith*, 169 AD2d 896, 897-898; *Matter of Dwyer v Polsinello*, 160 AD2d 1056, 1058).

In any event, as there has been a showing of financial hardship and compatibility of the proposed use with the character of the neighborhood, a variance may be granted to avoid inviting a potentially successful assault on the zoning ordinance as being confiscatory (*cf.*, *Matter of Jayne Estates v Raynor*, 22 NY2d 417, 425, *see*, *Matter of Family of Woodstock v Auerbach*, — AD2d —, 1996 NY Slip Op 01892 [3d Dept, Mar. 7, 1996]; *see also*, *Matter of Commco, Inc. v Amelkin*, 109 AD2d 794, 795-796, *lv denied* 65 NY2d 606).

The ZBA correctly concluded that the proposed project would not alter the essential character of the neighborhood because "[t]his parcel is located in an area which contains such uses as truck terminals, a dog kennel, a fish and game club with rifle range, and vacant land" (*Matter of Rostlee Assocs. v Amelkin*, 121 AD2d 725, 726, *lv denied* 69 NY2d 603). There is also evidence that the proposed project would not be materially detrimental to the public welfare or injurious to other property in the vicinity (such as the Karner Blue Butterfly) (*see*, *Matter of Greco v Denison*, 195 AD2d 660, 661). The ZBA also

concluded on this record that the hardship was not self-created as the basis for Giovanone's request was for relief from the owner's inability to obtain a reasonable return on the property due to economic conditions in the area (*cf., Matter of Drake v Zoning Bd. of Appeals*, 183 AD2d 1031, 1032).

We have examined petitioners' remaining arguments, that the ZBA did not take a "hard look" at the impact of the proposed project and that the project constituted a "taking" of an endangered species, and find them without merit.

MERCURE, WHITE, CASEY and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.