■ ARMIN KARTAGENER et al., Respondents, v JOHN GRANDO et al., Appellants. [674 NYS2d 397] —In an action, *inter alia*, for injunctive relief, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered April 23, 1997, which, upon an order of the same court dated March 3, 1997, granting the plaintiffs' motion for summary judgment, is in favor of the plaintiffs and against them, directing them to dismantle all structures and additions to their dwelling previously determined to be illegal by the Town of Islip Zoning Board of Appeals.

Ordered that the judgment is reversed, with costs, the order dated March 3, 1997, is vacated, and the motion is denied.

The Town of Islip Zoning Board of Appeals (hereinafter the Board) twice denied applications by the appellants for variances relative to certain additions that they had already built

upon their property. The Board noted that the appellants' illegal constructions were adversely affecting their neighbors' "light, air, ventilation and privacy", interfered with their neighbors' use and enjoyment of their parcels, and "diminished the value of their property". The Board's findings were confirmed in two proceedings pursuant to CPLR article 78 and in one appeal to this Court (see, Matter of Grando v Town of Islip, 172 AD2d 663).

The plaintiffs, who are neighbors of the appellants, brought the instant action for mandatory injunctive relief and to recover damages based upon theories of nuisance and special damages caused by the appellants' violations of the zoning laws. In support of their motion for summary judgment, the plaintiffs adduced the foregoing administrative and judicial decisions, as well as an affidavit from an expert real estate appraiser to the effect that the appellants' illegal activities have diminished the value of the plaintiffs' property by 15%, or $60,000.

Although the plaintiffs' submissions did not demonstrate their entitlement to judgment as a matter of law, they did establish the existence of issues of fact relative to their causes of action that can only be resolved at a trial (see, e.g., Copart Indus. v Consolidated Edison Co., 41 NY2d 564; Futerfas v Shultis, 209 AD2d 761; Allen Avionics v Universal Broadcasting Corp., 118 AD2d 527, affd 69 NY2d 406). Accordingly, the Supreme Court incorrectly granted their motion for summary judgment. Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.