■ JOSEPH NEMETH et al., Appellants, v K-TOOLING et al., Respondents. (Action No. 1.) VALERIE GARCIA, Appellant, v K-TOOLING et al., Respondents. (Action No. 2.) [955 NYS2d 419]—

McCarthy, J. Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered August 13, 2010 in Delaware County, upon a decision of the court in favor of defendants.

---

Defendants operate manufacturing businesses from a residentially-zoned property in the Village of Hancock, Delaware County. The property includes a separate building in the rear of the property and a brick building near the street that contains living quarters on the second floor and manufacturing space in the first floor and basement, with an addition to the basement constructed in 2001.

Plaintiff Valerie Garcia purchased a home on an adjacent parcel in 2002. In early 2004, plaintiffs Joseph Nemeth and Donna Nemeth purchased a vacation home on the other side of defendants' parcel. The Nemeths commenced action No. 1 against two defendants alleging that the noises and odor created by their manufacturing operations constituted a private nuisance, and seeking to enjoin an alleged violation of the Village of Hancock Zoning Law. Garcia commenced action No. 2 against all three defendants essentially seeking the same relief.* Following a bench trial, Supreme Court dismissed the actions. Plaintiffs appeal.

Supreme Court did not err in dismissing the private nuisance cause of action. Following a bench trial, this Court has the power to grant any judgment warranted by the facts, taking into account the trial court's advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of Sunburst Assoc., Inc.*, 93 AD3d 1045, 1047 [2012]). Private nuisance is established by proof of intentional action or inaction that substantially and unreasonably interferes with other people's use and enjoyment of their property (*see Doin v Champlain Bluffs Dev. Corp.*, 68 AD3d 1605, 1611-1612 [2009], *lv dismissed* 14 NY3d 832 [2010]). Plaintiffs and two neighbors testified regarding the offensive odors and loud noises coming from defendants' manufacturing processes at all hours seven days a week. The neighbors also testified that essentially no noises could be heard in the winter, when the doors are closed.

While it is clear that plaintiffs find the noise and odor emanating from defendants' property offensive and annoying, defendants submitted contrary evidence not only from themselves, their owners or employees, but also from objective sources. The village health officer, who conducted an investigation after plaintiffs complained to the Village Board, testified and submit-

---

* Garcia's husband was also a named plaintiff, but Supreme Court permitted the action to proceed without a substitution following his death (*see* CPLR 1015 [b]). Garcia also alleged a cause of action for intentional infliction of emotional distress, but that was dismissed at trial and is not at issue on appeal.

ted his report finding that "[t]he sound of machinery was minimal," "[t]he smell was minimal and not offensive," and the noise and odor from defendants' property was overshadowed by those of traffic on the street. The village engineer, who is also a certified code enforcement officer, investigated at the request of the Village and concluded that the noise was not a discernable problem. An industrial hygienist from the Department of Labor concluded that noise emissions inside the buildings were acceptable and the decibel level outside of the buildings where the manufacturing occurred did not rise above that of a normal conversation. Defendants also submitted a video walk-through of the manufacturing operation, which Supreme Court found was similar to that experienced during the court's tour of the facility. The court noted that, despite the residential zoning, this was a mixed-use street where multiple businesses were operating prior to plaintiffs' purchase of their parcels. Considering all of this evidence, the record supports the determination that any interference with plaintiffs' property due to defendants' manufacturing operations did not rise to the level of being "substantial in nature" and "unreasonable in character" to a person of ordinary sensibilities (*Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977]; *see Balunas v Town of Owego*, 56 AD3d 1097, 1098 [2008], *lv denied* 12 NY3d 703 [2009]; *Chenango, Inc. v County of Chenango*, 256 AD2d 793, 794 [1998]). Thus, the court properly dismissed the nuisance cause of action.

Contrary to plaintiffs' assertion, Supreme Court did not hold that plaintiffs lack standing to challenge the alleged zoning violation. Plaintiffs have standing because they are owners of property adjacent to the property where defendants operated their manufacturing businesses, and plaintiffs alleged and offered proof that the operation of those businesses in violation of the zoning law caused them harm by affecting the use and enjoyment of their property (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413-414 [1987]). The obligation of village officials to enforce zoning ordinances " 'does not prevent a private property owner who suffers special damages from maintaining an action' " seeking "to enjoin the continuance of the violation and obtain damages" to vindicate "a discrete, separate identifiable interest of his [or her] own" (*Little Joseph Realty v Town of Babylon*, 41 NY2d 738, 741-742 [1977], quoting *Marcus v Village of Mamaroneck*, 283 NY 325, 333 [1940]; *see Manuli v Hildenbrandt*, 144 AD2d 789, 790 [1988]). Case law has been unclear, however, as to whether "special damages" are an aspect of standing—which may presumptively be satisfied by proof of close proximity and

assertion of an interest within the "zone of interest" of the regulation—or are, separate and apart from standing, an element of the cause of action alleging a violation of zoning laws (*compare Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d at 409-410, 413-414, *Zupa v Paradise Point Assn., Inc.*, 22 AD3d 843, 843-844 [2005], *with Marlowe v Elmwood, Inc.*, 12 AD3d 742, 744-745 [2004], *lv dismissed* 4 NY3d 881 [2005], *Futerfas v Shultis*, 209 AD2d 761, 762-763 [1994]). Although one of our recent cases referred to special damages as an "element," almost all of the precedent cited in that discussion addressed the topic in the context of standing, and the result of dismissal of the cause of action would have been the same in that case regardless of whether it was based on proof addressing standing or an element on the merits (*Marlowe v Elmwood, Inc.*, 12 AD3d at 744-745). Despite some ambiguous language in several cases that may imply that special damages are a separate element of the cause of action (*see id.*; *Kartagener v Grando*, 251 AD2d 461, 462 [1998]; *Hitchings v Village of Sylvan Beach*, 221 AD2d 926, 927 [1995]), we now clarify that special damages are not an element, but are relevant to standing in this context (*see Allen v General Elec. Co.*, 2003 NY Slip Op 51345[U], *9 n 1 [Sup Ct, Monroe County 2003]).

With standing having been established, we now address the merits of the zoning violation cause of action. "[W]hen a continuing use [of property] flies in the face of a valid zoning restriction, it must . . . be enjoined unconditionally" (*Little Joseph Realty v Town of Babylon*, 41 NY2d at 745). If the courts allowed a defendant who has been shown to have violated a zoning ordinance to continue the unlawful use, it would be tantamount to the courts "usurp[ing] the legislative function" bestowed upon a village board and rezoning the land (*id.*). The zoning law at issue here provides that a use of any land or building that was lawful at the time the zoning law was enacted may be continued even though such use may not comply with the new law (*see* Village of Hancock Zoning Law §§ 115-14, 115-7). One limitation to nonconforming uses provides that "[a] building or use shall not be added to or enlarged unless such nonconforming building or use is made to conform to the regulations of the district in which it is located" (Village of Hancock Zoning Law § 115-14 [A]).

Defendant Kuehn Manufacturing Company began operating in the brick building on the premises in 1971. In 1983, the Village enacted its first zoning law, which placed the parties' properties in an R1 residential district that does not permit

manufacturing (*see* Village of Hancock Zoning Law § 115-28; *compare* Village of Hancock Zoning Law § 115-32). Defendants' manufacturing operations were, therefore, a nonconforming use. The record is unclear as to exactly when the rear building was erected, but defendant Perry Kuehn and his father, Ray Kuehn, the owner of Kuehn Manufacturing, testified that the rear building was built in the early 1980s and has been used for business purposes since that time. Without evidence that it was built after 1983, plaintiffs failed to prove that the erection of the rear building, for which the Kuehns testified that they obtained a building permit, violated the zoning law. Nor can we say that the activities conducted in that building at the present time constitute an enlargement of the nonconforming use (*see* Village of Hancock Zoning Law § 115-14 [A]). Similarly, plaintiffs did not prove that defendants violated the zoning law when they continued the manufacturing operations in the same character as the business had been operated as a nonconforming use, but enhanced the volume by purchasing more modern and automated machinery and increasing their product output, number of employees, hours of operation and gross income (*see People v Perkins*, 282 NY 329, 330 [1940]; *Incorporated Vil. of Laurel Hollow v Owen*, 247 AD2d 585, 586 [1998]; *Matter of Tartan Oil Corp. v Board of Zoning Appeals of Town of Brookhaven*, 213 AD2d 486, 487-488 [1995]).

On the other hand, in 2001, defendants built an addition, measuring between 800 and 1,000 square feet, to the brick building. This addition was intended for and actually used for manufacturing purposes. Although they apparently obtained a building permit from the Village, issuance of "such a permit cannot confer rights in contravention of the zoning laws" (*City of Buffalo v Roadway Tr. Co.*, 303 NY 453, 463 [1952]; *see Marcus v Village of Mamaroneck*, 283 NY at 330). Construction of this addition violated the provision that a nonconforming building or use not be added to or enlarged unless made to conform to the residential district where it was located (*see* Village of Hancock Zoning Law § 115-14 [A]). Accordingly, plaintiffs were entitled to an injunction prohibiting defendants from using the addition to the brick building on their property for any nonresidential purposes. Although plaintiffs also seek damages through this cause of action, they have not proven any personal injury or decrease in value to their property as a result of the zoning violation. Thus, plaintiffs are entitled to an injunction but no damages on this cause of action.

Mercure, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the order is modified, on the law and the facts, without

costs, by reversing so much thereof as dismissed plaintiffs' cause of action to enjoin defendants' violation of the Village of Hancock Zoning Law; defendants are enjoined from using the addition to the brick building on their property for any nonresidential purposes; and, as so modified, affirmed.