Matter of Source Renewables, LLC v Town of Cortlandville Zoning Bd. of Appeals (2023 NY Slip Op 01036)

Matter of Source Renewables, LLC v Town of Cortlandville Zoning Bd. of Appeals

2023 NY Slip Op 01036

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

534106
[*1]In the Matter of Source Renewables, LLC, et al., Appellants,
v
Town of Cortlandville Zoning Board of Appeals et al., Respondents.

Calendar Date:January 12, 2023

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and McShan, JJ.

Barclay Damon LLP, Buffalo (Corey A. Auerbach of counsel), for appellants.
Nash Connors, PC, Buffalo (Andrew J. Kowalewski of counsel), for respondents.

Garry, P.J.
Appeal from an order and judgment of the Supreme Court (Oliver N. Blaise III, J.), entered September 10, 2021 in Cortland County, which, in a combined proceeding pursuant to CPLR article 78 and plenary action, partially granted respondents' motion to dismiss the amended petition/complaint.
Petitioner Gunzenhauser Real Estate Company has owned certain real property in Cortland County since 1963. That property is comprised of two abutting parcels: one parcel, approximately 38.5 acres, is located in the City of Cortland, and the other parcel, approximately 24.5 acres, is located in the Town of Cortlandville. Both parcels are elevated, with precipitous slopes and shallow bedrock, essentially undeveloped and situated in R-1 residential land use districts (see generally Code of City of Cortland, ch 300, art II; Code of Town of Cortlandville, ch 178, art IV). Petitioner Source Renewables, LLC is under contract to purchase the property, which has been on the market for over 30 years, contingent upon municipal approval to construct a ground-mounted photovoltaic, or solar energy, system thereon. In February 2020, Source Renewables, as contract vendee and with the express authorization of Gunzenhauser, submitted an application to the Town of Cortlandville Planning Board requesting a use variance, conditional permit and aquifer protection district special permit to construct a solar array, access roads and chain-link fencing on approximately 21 acres of the Cortlandville parcel. Pursuant to General Municipal Law § 239-m, the proposed zoning action was referred to the Cortland County Planning Department, which prepared a staff report on the application and authorized the Town to proceed with the consideration of same.[FN1] The Cortland County Industrial Development Agency, acting as lead agency, later completed a coordinated environmental review pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) and determined that the Cortlandville project would have no significant environmental impacts. Meanwhile, the City of Cortland Zoning Board of Appeals reviewed and approved Source Renewables' use variance for the adjoining Cortland parcel.
In November 2020, respondent Town of Cortlandville Zoning Board of Appeals (hereinafter the ZBA) held a public hearing on Source Renewables' application. Following the hearing, the ZBA found that Source Renewables demonstrated that the alleged hardship was unique to the Cortlandville parcel but otherwise failed to satisfy the statutory criteria for a use variance (see generally Town Law § 267-b [2] [b]). Upon motion of one of its members, the ZBA postponed any action on the application until its next meeting. Source Renewables later supplemented the administrative record with an economic viability study, visual simulations and a statutory analysis. In January 2021, respondent held a second public hearing, at the conclusion of which the ZBA determined that Source Renewables demonstrated that the [*2]Cortlandville parcel cannot provide a reasonable return as presently zoned but failed to satisfy the remaining criteria to justify a use variance. The ZBA then separately considered whether the statutory criteria were met for the access road — so that the Cortland parcel could be accessed via the Cortlandville parcel — and concluded that Source Renewables failed in all respects.
Petitioners commenced this combined CPLR article 78 proceeding and plenary action to annul the ZBA's determination, arguing that the denial was arbitrary and capricious and amounted to a regulatory taking. Respondents then moved, pre-answer, to dismiss the amended petition/complaint pursuant to CPLR 3211 (a) (3) and (5) and CPLR 7804 (f). Following oral argument, Supreme Court partially granted the motion, concluding that petitioners have standing but finding Source Renewable's alleged hardship to be self-created and petitioners' regulatory taking claim to be inadequately pleaded. Petitioners appeal.
As a preliminary matter, although a motion pursuant to CPLR 7804 (f) raising objections in point of law "proscribes dismissal on the merits following such a motion," there is an exception permitting a resolution on the merits where "the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer" (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]; see Matter of Kickertz v New York Univ., 25 NY3d 942, 944 [2015]). Here, there is no dispute as to the facts, and the arguments of the parties with respect to the rationality of the ZBA's determination were fully set forth in the motion papers (see Leonard v Planning Bd. of Town of Union Vale, 136 AD3d 868, 871 [2d Dept 2016]; Matter of S & R Dev. Estates, LLC v Feiner, 112 AD3d 945, 946-947 [2d Dept 2013]; Matter of Hunt v Hamilton County, 235 AD2d 758, 760 [3d Dept 1997]). We therefore discern no error in Supreme Court addressing the merits of petitioners' first and second causes of action on this pre-answer motion.
As for the merits, the applicant for a use variance bears the burden to demonstrate that the "applicable zoning regulations and restrictions have caused unnecessary hardship" (Town Law § 267-b [2] [b]). Unnecessary hardship requires a showing that (1) the property cannot provide a reasonable return as it is currently zoned, (2) the hardship results from characteristics unique to the property, (3) the proposed use will not alter the essential character of the neighborhood and (4) that the hardship has not been self-created (see Town Law § 267-b [2] [b]). "Local zoning boards have broad discretion in considering applications for variances, and judicial review [of such determinations] is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (Matter of Ifrah v Utschig[*3], 98 NY2d 304, 308 [2002] [citation omitted]; see Matter of Sasso v Osgood, 86 NY2d 374, 384, 384 n 2 [1995]). We are further limited by the principle that judicial review of an administrative determination is restricted solely to the grounds invoked by the administrative entity as the basis for its decision (see Matter of Tri-Serendipity, LLC v City of Kingston, 145 AD3d 1264, 1266 [3d Dept 2016]; Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals, 293 AD2d 679, 681 [2d Dept 2002]).
The ZBA ultimately concluded that Source Renewables satisfied the first criteria for a use variance, and the economic viability analysis, prepared by a licensed appraiser, contains ample dollars and cents evidence demonstrating that no permissible use of the Cortlandville parcel would yield a reasonable return. As to the second criteria, there is no basis in the record for the ZBA's conclusion that Source Renewables failed to prove that the alleged hardship results from " 'unique conditions peculiar to and inherent in the property as compared to other properties in the zoning district' " or neighborhood (Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d 1280, 1283 [3d Dept 2011], quoting Matter of First Natl. Bank of Downsville v City of Albany Bd. of Zoning Appeals, 216 AD2d 680, 682 [3d Dept 1995]). In support of its conclusion, the ZBA found that the whole hillside is similar and that there are other parcels on the hill with houses.[FN2] However, the evidence before the ZBA established that the Cortlandville parcel is poorly suited for residential development due its lack of access to public utilities. The economic viability study submitted in support of the application, and credited by the ZBA in concluding that the property could not realize a reasonable return, established that fully infrastructured lots within a mile of the Cortlandville parcel sell for $20,000 to $25,000, but that the per lot development cost for the Cortlandville parcel would be more than $100,000 due to the lack of infrastructure. There is nothing in the administrative record to suggest that the other parcels noted by the ZBA share that limitation.[FN3]
There is also no evidence in the record to support the ZBA's conclusion that Source Renewables failed to satisfy the third criteria for a use variance — that the variance would not alter the essential character of the neighborhood. The ZBA acknowledged the negative SEQRA declaration, which, in pertinent part, found that the Cortlandville project would not impair the quality of aesthetic resources or of existing community or neighborhood character (see 6 NYCRR 617.2 [l]), but ultimately relied upon the opinion of one of its members that the solar array would not be visually pleasing from certain vantage points, particularly in the fall and winter. Although the personal observations of members of a zoning board may be considered (see Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead, 65 AD3d 1144[*4], 1147 [2d Dept 2009]; Matter of Rosewood Home Bldrs., Inc. v Zoning Bd. of Appeals of Town of Waterford, 17 AD3d 962, 964 [3d Dept 2005]), the ZBA failed to account for the fact that, from the vantage points referenced by its member, the solar arrays on the equally elevated Cortland parcel will be readily observable (see generally Matter of West Vil. Houses Tenants' Assn. v New York City Bd. of Stds. & Appeals, 302 AD2d 230, 231 [1st Dept 2003], lv dismissed & denied 100 NY2d 533 [2003]). Similarly, to the extent that the ZBA relied upon the City's — versus the Town's — goal for aesthetically improving the gateway to the City, as previously noted, the City approved the variance for the Cortland parcel.
Turning to the final criteria, we must first note that Supreme Court concluded that Source Renewables failed to prove that the alleged hardship was not self-created because it entered into the subject contract knowing its proposed project was prohibited. This was not the basis articulated by the ZBA (see Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals, 293 AD2d at 680-681). The court further erred by basing its determination upon the knowledge Source Renewables possessed when entering into the contract. "Although a contract vendee may apply for a use variance," where, as here, the contract is executory and conditional upon the granting of the variance, " 'it is the vendor's rights that are being determined' " (Matter of Amco Dev. v Zoning Bd. of Appeals of Town of Perinton, 185 AD2d 637, 638 [4th Dept 1992] [emphasis omitted], quoting Matter of Colony Park v Malone, 25 Misc 2d 1072, 1077 [Sup Ct, Nassau County 1960]; see e.g. Matter of Save the Pine Bush v Zoning Bd. of Appeals of Town of Guilderland, 220 AD2d 90, 92 [3d Dept 1996], lv denied 88 NY2d 815 [1996]; see generally Department of State, Division of Local Government Services, James A. Coon Local Government Technical Series, Zoning Board of Appeals at 16 [2005, 2023 reprint], available at https://dos.ny.gov/system/files/documents/2023/01/zoning-board-appeals.pdf).
As to the basis for the ZBA's determination, the ZBA concluded that, because the property has not changed since Gunzenhauser purchased it in 1963, any alleged hardship was self-imposed. This was an irrational reason for branding the hardship self-created. Although a hardship is considered self-created, for zoning purposes, where property is acquired subject to the restrictions from which relief is sought (see Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 315 [1976]; Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d at 1283-1284), here, Gunzenhauser purchased the Cortlandville parcel in 1963, and it was not until 1986 and 2018, respectively, that the Town adopted any zoning law (see Local Law No. 1-1986 of Town of Cortlandville) or regulated solar energy systems (see Local Law No. 2-2018 of Town of Cortlandville). Thus, Gunzenhauser cannot be said to have willingly assumed [*5]the hardship alleged (see Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals, 227 AD2d 779, 782 [3d Dept 1996]). To the extent that the ZBA relied upon the fact that the Cortlandville parcel can be used for agricultural related uses, which are permitted in an R-1 district subject to site plan approval (see Code of Town of Cortlandville § 178-18 [B]), that basis too was irrational. Although Gunzenhauser leased the Cortlandville parcel to a farmer for a short period in the 1980s, that lease resulted in negligible income, and there has been no agricultural interest in the property, with its inclines and shallow bedrock, from the marketplace since then. Any future market demand for that use is speculative.
Based upon the foregoing, we agree with petitioners that the ZBA's determination was irrational and therefore must be annulled.[FN4] Given our disposition, we need not consider petitioners' remaining arguments.
Egan Jr., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the order and judgment is reversed, on the law, without costs, petition granted to the extent set forth herein, determination annulled and matter remitted to respondent Town of Cortlandville Zoning Board of Appeals for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The County Planning Department was unable to meet due to the COVID-19 pandemic and thus forwarded its report for informational purposes only, without a recommendation.

Footnote 2: After the initial public hearing, the ZBA had previously concluded that this criteria had been met. Although Source Renewables submitted additional evidence thereafter, the ZBA did not articulate a basis for the change in position.

Footnote 3: As discussed more fully below, Source Renewables has satisfied the remaining statutory criteria for a use variance, and, generally speaking, to deny a use variance solely "on the ground that 'unique circumstances' have not been shown invites a potentially successful assault on the zoning ordinance as being confiscatory" (Matter of Family of Woodstock v Auerbach, 225 AD2d 854, 856 [3d Dept 1996]).

Footnote 4: As the ZBA acknowledged, because Source Renewables satisfied the criteria for a use variance as to the solar array on the Cortlandville parcel, they necessarily also demonstrated their entitlement to an access road over the parcel.