Matter of Nemeth v K-Tooling (2026 NY Slip Op 01254)

Matter of Nemeth v K-Tooling

2026 NY Slip Op 01254

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CV-24-0610
[*1]In the Matter of Joseph Nemeth et al., Respondents,
vK-Tooling et al., Appellants, et al., Respondent.

Calendar Date:January 6, 2026

Before:Garry, P.J., McShan, Powers and Mackey, JJ.

Coughlin & Gerhart, LLP, Binghamton (Alan J. Pope of counsel), for appellants.
Sussman and Associates, Goshen (Jonathan R. Goldman of Goldman Law PLLC, Newburgh, of counsel), for Joseph Nemeth and others, respondents.

Garry, P.J.
Appeal from a judgment of the Supreme Court (John Lambert, J.), entered February 29, 2024 in Delaware County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Village of Hancock Zoning Board of Appeals approving a request for a use variance by respondents K-Tooling, Kuehn Manufacturing Co. and Rosa Kuehn.
The facts underlying this land use matter are well known to this Court (205 AD3d 1093 [3d Dept 2022], revd 40 NY3d 405 [2023]; 163 AD3d 1143 [3d Dept 2018]; Matter of Nemeth v Village of Hancock Zoning Bd. of Appeals, 127 AD3d 1360 [3d Dept 2015]; Nemeth v K-Tooling, 100 AD3d 1271 [3d Dept 2012]). Respondent Rosa Kuehn owns real property in the Village of Hancock, Delaware County, that includes several structures, including a brick building near the street that serves as both residential and manufacturing space and a structure at the rear of the property used exclusively for manufacturing. Respondent Kuehn Manufacturing Co. has operated its small business out of the brick building since 1971. Respondent K-Tooling has historically operated out of the building at the rear of the premises, built in the early 1980s. Rosa Kuehn owns Kuehn Manufacturing, and her son, Perry Kuehn, owns K-Tooling. In 1983, the Village enacted its first zoning law, which placed the subject real property in an R1 residential district that does not permit manufacturing, rendering the existing manufacturing operations a nonconforming use (see Village of Hancock Zoning Law § 115-28). In 2001, K-Tooling obtained a building permit and constructed an approximately 800-square-foot addition to the brick building for manufacturing purposes. Petitioner Valerie Garcia and her late husband purchased a home on a parcel adjacent to the subject property in 2002, and petitioners Joseph Nemeth and Donna Nemeth purchased a vacation home on the other side of the parcel in 2004.
Beginning in 2008, petitioners commenced multiple actions against the Kuehns and/or their businesses alleging that the noises and odors created by their manufacturing constituted a private nuisance and seeking an injunction prohibiting same for various alleged violations of the zoning law.[FN1] In 2012, this Court upheld the dismissal of the nuisance claim and request to enjoin use of the rear building but found that the subject addition violated the zoning law's prohibition against unapproved enlargement or expansion of nonconforming buildings or uses (see generally Village of Hancock Zoning Law § 115-14 [A]), recognizing that any building permit obtained for the addition could not have conferred any rights in contravention of the zoning law (Nemeth v K-Tooling, 100 AD3d at 1275). Petitioners were accordingly granted an injunction prohibiting use of the addition to the brick building for any nonresidential purposes (id.).
It appears that the Kuehns and their businesses subsequently obtained a stay of our decision in order to file an application [*2]for a use variance allowing manufacturing operations within the addition to continue. Following a public hearing, respondent Village of Hancock Zoning Board of Appeals (hereinafter ZBA) granted the variance application, unanimously concluding that Kuehn Manufacturing had demonstrated the requisite unnecessary hardship in that it could not realize a reasonable return utilizing the property as zoned, that the hardship relating to the property was unique to it, that the variance would not alter the essential character of the neighborhood and that the hardship was not self-created (see generally Village Law § 7-712-b [2] [b]). Petitioners challenged that determination, and this Court ultimately granted their petition in 2015, finding that there was insufficient proof that the land could not realize a reasonable rate of return as it existed or for any permitted use in the zone (Matter of Nemeth v Village of Hancock Zoning Bd. of Appeals, 127 AD3d at 1362-1363).
Another stay was obtained, and another use variance was sought. Following further public hearing, the ZBA issued the 2016 determination now before us, again concluding that unnecessary hardship had been demonstrated. Pertinent to the judgment on appeal, the ZBA recognized that the property had been historically used for manufacturing, that the Kuehns applied for a building permit for the subject addition and that, without a denial of said application, the claimed hardship could not be deemed self-created. Petitioners in turn commenced this proceeding in 2016, again seeking to annul the ZBA's approval of the use variance. Following several appeals regarding procedural matters (40 NY3d 405; 205 AD3d 1093; 163 AD3d 1143), Supreme Court concluded that the ZBA's analysis as to self-created hardship did not permit intelligent review and remitted the matter to the ZBA for further analysis of this issue. K-Tooling, Kuehn Manufacturing and Rosa Kuehn appeal.
Local zoning boards are empowered to grant use variances (see Village Law § 7-712-b [2] [a]), "reliev[ing] the pressures created by imperfect land-use controls" (Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, 19 AD3d 968, 970 [3d Dept 2005]). In order to demonstrate that applicable zoning regulations or restrictions have caused unnecessary hardship that merits such relief, "the applicant shall demonstrate to the board of appeals that for each and every permitted use under the zoning regulations for the particular district where the property is located, (1) the applicant cannot realize a reasonable return, provided that lack of return is substantial as demonstrated by competent financial evidence; (2) that the alleged hardship relating to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood; (3) that the requested use variance, if granted, will not alter the essential character of the neighborhood; and (4) that the alleged hardship has not been self-created" (Village [*3]Law § 7-712-b [2] [b]; see Matter of Clark v Board of Zoning Appeals of Town of Hempstead, 301 NY 86, 89 [1950]; compare Village Law § 7-712-b [2] [b] [4], with Village Law § 7-712-b [3] [b] [5]). Ultimately, local zoning boards have "broad discretion" in considering variance applications, and our review "is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; accord Matter of 80 Woodland Ave, LLC v Village of Catskill, 240 AD3d 1102, 1103 [3d Dept 2025]).
Contrary to Supreme Court's reading, we find that the ZBA's determination reveals that it was aware of all prior litigation involving the subject addition, including this Court's 2012 order holding that the 2001 building permit did not cure the Kuehns' otherwise unlawful expansion of their nonconforming building and use (Nemeth v K-Tooling, 100 AD3d at 1275). As for the ZBA's analysis, rather than erroneously suggesting that the 2001 building permit conferred rights in contravention of the zoning law, the ZBA reasoned that the alleged hardship was not self-created due to the Kuehns' good faith reliance on the grant of their permit application, as well as their continued use of the property for manufacturing thereafter. Consideration of these record-based facts was appropriate, and the ZBA's conclusion as to this statutory factor was rational (see Matter of La Dirot Assoc. v Smith, 169 AD2d 896, 898 [3d Dept 1991]; Matter of Schaeffer v Zoning Bd. of Appeals of Town of Esopus, 142 AD2d 848, 849 [3d Dept 1988]; cf. Matter of Jones v Zoning Bd. of Appeals of Town of Oneonta, 90 AD3d 1280, 1283-1284 [3d Dept 2011]).
Respondents now have also amply met their burden to show, in the form of "dollars and cents" (Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d 254, 257 [1981]), that the property could not realize a reasonable return "if used as a presently existing nonconforming use — i.e., as a manufacturing facility without use of the addition for manufacturing purposes — or if used for any residential use" (Matter of Nemeth v Village of Hancock Zoning Bd. of Appeals, 127 AD3d at 1362). The Kuehns' largely unrefuted proof first demonstrates that relocating a portion of the manufacturing facility to another property would be cost prohibitive, in the face of already declining profits, due to additional itemized transport, labor, real property and infrastructure expenses. Subcontracting out a portion of the operations would similarly result in duplicative costs, such as shipping and handling, and also require personnel cuts, liquidation of valuable equipment and potential loss of clientele. Continuing manufacturing operations in only the original footprint of the brick building would result in hundreds of thousands of dollars in lost sales from products made on machines that, for a variety of logistical reasons, could not be operated elsewhere on the property. The Kuehns also stood [*4]to lose, at least partially, their investment associated with construction of the addition, specifically designed for manufacturing. Converting the addition to an apartment also would be unreasonable given the documented costs of remodeling and the limited income that could be derived from that use based on comparables in the area. Use of the property as purely a single family residence would result not only in a loss of all income from manufacturing but abandonment of the nonconforming use and resultant decrease in the property's fair market value if sold (see Matter of Source Renewables, LLC v Town of Cortlandville Zoning Bd. of Appeals, 213 AD3d 1178, 1181 [3d Dept 2023]; Matter of Jones v Zoning Bd. of Appeals of Town of Oneonta, 90 AD3d at 1281-1282; Matter of Sullivan v City of Albany Bd. of Zoning Appeals, 20 AD3d 665, 666 [3d Dept 2005], lv denied 6 NY3d 701 [2005]).
Although petitioners no longer argue that granting the subject use variance would alter the essential character of the neighborhood, we note that, in light of the historic use of the property as a whole and the findings underlying petitioners' unsuccessful nuisance claim, the ZBA's conclusion as to this factor was also rational (see Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals, 227 AD2d 779, 781 [3d Dept 1996]; Matter of Save the Pine Bush v Zoning Bd. of Appeals of Town of Guilderland, 220 AD2d 90, 96 [3d Dept 1996], lv denied 88 NY2d 815 [1996]; see generally Nemeth v K-Tooling, 100 AD3d at 1272-1273). The evidence before the ZBA further supports its conclusion that the alleged hardship faced on this legally nonconforming property already developed for industrial use is not generally applicable to the properties in the area (see Matter of Douglaston Civic Assn. v Klein, 51 NY2d 963, 965 [1980]). Moreover, as there has been a showing of financial hardship and compatibility of the proposed use with the character of the neighborhood, it is a general rule that the variance application should not be denied for a lack of uniqueness alone at risk of inviting a challenge to the zoning ordinance as confiscatory (see Matter of Jayne Estates v Raynor, 22 NY2d 417, 425 [1968]; Matter of Family of Woodstock v Auerbach, 225 AD2d 854, 856 [3d Dept 1996]). In sum, we discern no basis upon which to disturb the ZBA's grant of the requested use variance.
The parties' remaining arguments have been considered and determined to be without merit.
McShan, Powers and Mackey, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioners also commenced a civil rights action against the Village of Hancock on the same underlying facts (Nemeth v Village of Hancock, 2011 WL 56063, 2011 US Dist LEXIS 1563 [ND NY, Jan. 7, 2011, No. 3:10-CV-1161]).