■ In the Matter of UPPER DELAWARE AVENUE ASSOCIATION OF DELMAR, INC., et al., Appellants, v CHARLES B. FRITTS et al., Constituting the Zoning Board of Appeals of the Town of

Bethlehem, Respondents.—Mahoney, P. J.

In 1932, Alphonse and Bertha Verstandig purchased property located at 454 Delaware Avenue in the Town of Bethlehem, Albany County. The Verstandigs immediately commenced a horticultural business on the property. Eventually, they constructed greenhouses and acquired more property so that they owned five acres of land. In 1944, the Town of Bethlehem adopted a zoning ordinance which classified the property as "residential A and AA", zones in which the florist business was not allowed. The business operated by the Verstandigs was allowed to continue to operate as a prior nonconforming use. In 1956, 1965 and 1972, the Verstandigs obtained variances to expand their business. In 1975, a variance was granted to allow the Verstandigs to replace 5,000 square feet of greenhouses with new greenhouses covering 12,000 to 13,000 square feet. The variance had a five-year time limit and, because of economic circumstances, the Verstandigs did not undertake the work.

In 1985, Verstandig's Florist, Inc., through its owner Robert Verstandig, son of the original owners, applied for a variance which was essentially the same as the 1975 variance except that it sought to expand the 5,000 square feet of greenhouses to 18,000 square feet. After a public hearing, the Town of Bethlehem Zoning Board of Appeals granted the variance. Petitioners, a group of neighbors opposed to the proposed expansion, commenced this CPLR article 78 proceeding challenging the Board's determination. Special Term dismissed the petition and this appeal ensued.

We reverse. Since the florist business was a prior nonconforming use, a use variance was necessary to expand the greenhouses (see, Matter of Crossroads Recreation v Broz, 4 NY2d 39). Even though Verstandig did not seek to change his business, but simply expand the same nonconforming use, a use variance was necessary (id., p 42). One of the requirements for a use variance is that the applicant show that the land cannot yield a reasonable return if used only for a purpose allowed in the zone (id., p 43). Where this standard is applied to a prior nonconforming use, the applicant must demonstrate that the land cannot yield a reasonable return if

used *as it then exists* or for any other use allowed in the zone *(id.,* p 44). Here, Verstandig did not show that the property was not yielding a reasonable return. He simply showed that the expansion would allow him to increase his wholesale business and thereby increase his profit so that he could bring his son into the business. He also attempted to show that it would be a financial hardship to purchase land elsewhere to expand his wholesale business. Such proof simply deals with the proposed expansion and not the florist business as it exists. Since there was insufficient proof that the land could not yield a reasonable return as it existed or for any other use permitted in the zone, the variance was improperly granted.

Judgment reversed, on the law, without costs, and petition granted. Mahoney, P. J., Casey and Weiss, JJ., concur.

Kane, J., dissents and votes to affirm in a memorandum. Kane, J. (dissenting). I respectfully dissent and would affirm the judgment appealed from since, in my view, the variance was properly granted. The relief sought in the application by Robert Verstandig for a variance is to remodel the retail outlet at a 53-year-old florist establishment and to replace the deteriorating greenhouses on the property with slightly larger units of modern construction. In my view, such a request is not for the enlargement of a nonconforming use, but merely the replacement of existing facilities to accommodate an increase in intensity of a sanctioned wholesale and retail florist business. An increase in volume does not alter a validly established nonconforming use *(see, People v Perkins,* 282 NY 329).

In addition, I am persuaded that this record demonstrates the requisite showing of unnecessary hardship. First, there is uncontradicted proof that the existing facility must be rehabilitated to successfully compete in today's market or, alternatively, to be sold to another florist. Next, proceeds of a sale of the entire 5.1 acres for a permitted use as homesites would result in an inadequate return upon the extensive investment made in the existing facility. Finally, and contrary to the position taken by the majority, I view Verstandig's desire to increase the net income of the business to support his son's participation completely understandable in view of the fact that the higher educational pursuits of his son in the field of agriculture were undertaken with the hope that this family enterprise would continue into the third generation. I view this commendable effort as an ancillary consideration when analyzing the motive for seeking increased profits. The

Board's findings of fact and conclusions of law are supported by this record.

Moreover, not to be overlooked is the broad discretion vested in the Board to make the determination in issue and the parallel obligation of this court not to interfere absent a clear showing that the determination made is arbitrary or contrary to law *(see, Matter of Fiore v Zoning Bd. of Appeals,* 21 NY2d 393).

Accordingly, since the record clearly demonstrates the existence of a valid nonconforming use, that the necessary changes and additions to the existing facility are required to provide for natural extension and to accommodate normal increase in trade, and the additions would not be detrimental to the public welfare, safety and health, I would affirm.