■ In the Matter of BERNARR C. SCHAEFFER, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF ESOPUS et al., Respondents.—Harvey, J. Appeals (1) from a judgment of the Supreme Court (Torraca, J.), entered May 4, 1987 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Esopus

denying petitioner's request for a use variance, and (2) from an order of said court, entered November 6, 1987 in Ulster County, which denied petitioner's motion for renewal and reargument.

Petitioner purchased a parcel of land located in a residentially zoned area in the Town of Esopus, Ulster County, for the purpose of expanding his plastics fabrication business. Prior to purchasing the property, petitioner had received letters from the Town of Esopus Building Inspector stating that, although the property was zoned for residential use, it had the benefit of a preexisting nonconforming commercial use. The property, which included a large barn, had been used 20 years ago for housing chickens, and more recently, for seasonal storage of boats.

Petitioner purchased the property for $120,000 and then applied for a permit to operate his business. His application was denied, however, by respondent David C. Uhl, the town's Zoning Enforcement Officer. Uhl informed petitioner that he would need a use variance in order to operate the plastics plant in the residentially zoned area. Petitioner thus applied to respondent Zoning Board of Appeals of the town for a use variance. Following several hearings on the matter, the Board denied the application.

Petitioner then commenced this CPLR article 78 proceeding to annul the Board's determination. Supreme Court dismissed the petition and denied petitioner's subsequent motion for renewal and reargument. Petitioner appeals.

Initially, we note that petitioner's purported reliance upon the erroneous letters of the Building Inspector did not create a situation where the Board was estopped from enforcing the zoning ordinances. Petitioner's reliance may, under these particular facts, preclude a determination that his hardship was self-imposed. However, under the recent decision of the Court of Appeals in *Matter of Parkview Assocs. v City of New York* (71 NY2d 274, 279), it is clear that estoppel cannot be invoked against a zoning board where "reasonable diligence by a good-faith inquirer would have disclosed the true facts". Here, petitioner clearly failed to make such an inquiry.

We now turn to petitioner's contention that the denial of his application for a use variance will cause an undue hardship. The first of the three elements which a petitioner seeking to establish undue hardship must show is that the land cannot yield a reasonable return if used only for a purpose allowed by the applicable zoning regulations *(Matter of Otto v Steinhilber,*

282 NY 71, 76). Proof of this element of undue hardship must be established by "dollars and cents proof", a showing similar to that required in cases where a zoning ordinance is alleged to be unconstitutionally confiscatory *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257-258). Here, permitted uses of the property include single-family residences, farm warehouses and use by the town. It is evident from the record, and, indeed, from petitioner's own admission at the hearing, that he did not adequately investigate the possibility of other uses for the property. In light of this failure, the record certainly does not contain the necessary "dollars and cents proof". Since petitioner failed to establish that the land cannot yield a reasonable return, the denial of the use variance was rational.

Petitioner's remaining contentions have been considered and found unpersuasive.

Judgment and order affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.