■ In the Matter of ARTHUR KONTOGIANNIS et al., Appellants, v CHARLES B. FRITTS, as Chairman of the Town of Bethlehem Zoning Board of Appeals, et al., Respondents.— Harvey, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered March 11, 1988 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Bethlehem Zoning Board of Appeals denying petitioner Arthur Kontogiannis' request for a use variance.

The underlying facts in this case are set forth in more detail in this court's prior decision involving these parties *(Matter of Kontogiannis v Fritts,* 131 AD2d 944). Briefly stated, petitioner Arthur Kontogiannis (hereinafter petitioner) sought a use variance to convert a building, which was originally intended as a recreational center for a subdivision petitioner had built, into a four-unit apartment building. At the time of the application, the building contained two residential apartment units on the second floor and the first floor was vacant. The area has been zoned for single-family dwellings since 1984 and, prior to that time, was zoned for two-family dwellings. Petitioner's initial application was denied upon the ground that his hardship was self-created and that the proposed use would alter the essential character of the locality. This court ultimately concluded that these determinations were not supported by substantial evidence in the record, and thus annulled the determination and remitted the matter to respondent Town of Bethlehem Zoning Board of Appeals (hereinafter the Board) for consideration of whether petitioner could show a lack of reasonable return and unique circumstances *(supra).*

Following a hearing which was at times heated, the Board again denied petitioner's application, finding that he had shown neither a lack of reasonable return nor unique circumstances. Petitioner and his wife then commenced this CPLR article 78 proceeding. Supreme Court found that the Board's determination that petitioner had not shown a lack of reasonable return was not arbitrary and thus dismissed the petition. This appeal ensued.

An applicant for a use variance must prove "unnecessary hardship" *(Matter of Howes v Langendorfer,* 137 AD2d 960, 961). The first of the three elements which an applicant attempting to prove unnecessary hardship must show is that the land in question cannot yield a reasonable return if it is used only for a purpose allowed in that zone *(Matter of Otto v Steinhilber,* 282 NY 71, 76). This element must be supported by "dollars and cents" evidence demonstrating that no permissible use will yield a reasonable return *(Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257-258; *Matter of Schaeffer v Zoning Bd. of Appeals,* 142 AD2d 848).

Here, the Board found petitioner's "dollar and cents" proof to be unconvincing. Petitioner had submitted a summary sheet which purported to show total expenses for the first half of 1987 to be $6,692.24 and total income from the property to be $5,400. The Board asked to see the documentation supporting the summary sheet. Review of the documentation revealed

numerous items had been incorrectly added to the purported expenses of the property. Further, there was evidence that petitioner was charging a rate of rent for the two apartments in the building which was below the prevailing market. While these errors were not necessarily done in bad faith, the fact remains that petitioner failed to provide reliable evidence establishing economic hardship. Review of other evidence submitted by petitioner reveals that it was insufficiently specific to show that no permitted use would allow a reasonable return. Accordingly, denial of the variance was not arbitrary.

Petitioner also asserts that he was denied a fair and impartial hearing. The actions of an administrative entity are accorded a presumption of regularity, and in the absence of a clear revelation that the entity failed to exercise independent judgment, its determination will be upheld (see, Matter of Taub v Pirnie, 3 NY2d 188, 194). Review of the record reveals that the atmosphere at the hearing was tense. We are unconvinced, however, that petitioner did not receive a fair hearing.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.