■ In the Matter of CITIZENS FOR GHENT, INC., et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF GHENT et al., Appellants.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered May 11, 1990 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the Town of Ghent granting respondent Conrad Coon a use variance.

Respondent Conrad Coon agreed to purchase 13 acres of a 56-acre parcel of property located in the Town of Ghent, Columbia County. Coon sells and installs truck-mounted cranes and related equipment. Because he wished to construct a building to house his business on the property, Coon conditioned the purchase on his ability to obtain a use variance for the land, which was zoned for residential and agricultural uses only. When respondent Zoning Board of Appeals of the Town of Ghent granted Coon's application for the use variance, petitioners, who own property adjacent to or near the subject parcel, commenced this CPLR article 78 proceeding to have the determination annulled. Supreme Court granted the petition and annulled the Zoning Board's determination.

As always when reviewing zoning issues, "[w]e begin our analysis by recognizing that 'local zoning boards have discretion in considering applications for variances and the judicial function is a limited one. The courts may set aside a zoning board determination only where the record reveals illegality, arbitrariness or abuse of discretion' " *(Matter of Village Bd. of Trustees v Zoning Bd. of Appeals,* 164 AD2d 24, 26, quoting *Matter of Cowan v Kern,* 41 NY2d 591, 598; *see, Matter of La Dirot Assocs. v Smith,* 169 AD2d 896), or the determination lacks a substantial evidentiary foundation.

The basis for approving a use variance "is to afford relief to an individual *property owner* * * * [who] is unable reasonably to use his land because of zoning restrictions" *(Matter of Otto*

---

*v Steinhilber,* 282 NY 71, 75 [emphasis supplied]). Thus, before a zoning board may approve a use variance on the ground of unnecessary hardship, the applicant must demonstrate that the landowner cannot earn a reasonable return on the land if used only for a purpose permitted in that zone, the hardship results from circumstances unique to the property and the new use will not alter the essential character of the locality *(supra,* at 76). Applying these oft-quoted maxims to this case, the Zoning Board's determination must be annulled.

Coon's application to the Zoning Board addressed only the 13-acre site that he wished to purchase and contended that none of the uses permitted provided a reasonable rate of return, the acreage was unique and the character of the area would not be altered if the requested use were permitted. Appended to the application was a short environmental assessment form and a report prepared by a real estate appraiser analyzing the various permitted uses allowed under the Town's zoning ordinance. The latter report evaluated the physical characteristics of the 13 acres and determined that the only permitted use feasible for this acreage, a professional office building, would generate less than a 5% investment return; the appraiser reported that the existence of surrounding industrial properties, heavy traffic on a neighboring highway and poor soil permeability rendered the land unsuitable for residential use. And, because the site contained only 13 acres, it was too small in size to be useful for agricultural purposes.

At a hearing conducted by the Zoning Board, one of the property owners indicated that 26 of the 56 acres of land had been listed for sale with two separate realtors for 1½ years, during which time approximately 15 prospective purchasers inquired about the property for potential commercial use only. Although the inability of a landowner to sell the property for a permitted purpose evinces a lack of reasonable return *(see,* 3 Anderson, American Law of Zoning § 20.21, at 429 [3d ed]; *see, e.g., Matter of Sheeley v Levine,* 147 AD2d 871, 873), Coon was nonetheless obligated to submit " 'dollars and cents' evidence demonstrating that no permissible use w[ould] yield a reasonable return" *(Matter of Kontogiannis v Fritts,* 144 AD2d 850, 851) to the landowner *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257-258; *see also,* 3 Anderson, American Law of Zoning § 20.17, at 415 [3d ed]). No such evidence was forthcoming. The appraisal report provided a dollars and cents evaluation of the proposed site itself, which is only a portion of the owners' acreage. In short, there was insufficient evi-

dence establishing that no permitted use of the owners' 56 acres would allow them a reasonable rate of return *(see, Matter of Kontogiannis v Fritts, supra,* at 852).

Nor was there evidence that the property was unique. While respondents point to the close proximity of an industrial park, the nearness of a heavily traveled highway, and the unsuitability of the soil to distinguish the proposed site, the record evidence is that neighboring properties share these very same characteristics. Thus, any claim of uniqueness is dispelled *(see, Matter of Otto v Steinhilber, supra,* at 77; 3 Anderson, American Law of Zoning § 20.35, at 476 [3d ed]).

Because we agree with Supreme Court that the Zoning Board's determination lacked substantial evidence, we find it unnecessary to reach the parties' remaining arguments and affirm the judgment annulling the Zoning Board's determination.

Casey, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.