■ In the Matter of RALPH H. DRAKE, JR., Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF COLONIE et al., Respondents.—Mahoney, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered May 9, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Village of Colonie denying petitioner's application for a use variance.

In 1982, petitioner purchased a three-acre parcel of land located on Sand Creek Road in the Village of Colonie, Albany County. The property, which previously had been used as a farm, was improved with a single-family dwelling and a barn. It was bounded on the east by the Northway (Interstate Route 87). At the time of purchase and at all times thereafter, it was located in an area zoned for single-family and multiple residential use. Since the time of purchase, petitioner evidently rented out the dwelling and, notwithstanding the zoning restrictions, placed at least two trailers on the property, one of which he used as an office for his construction business, conducted his business from the location and stored numerous pieces of heavy earth-moving and excavating equipment and a large inventory of industrial pipe thereon. Matters continued in this manner until 1989 when, in response to complaints from nearby residential property owners, the Village directed petitioner to discontinue operations because they were in violation of the zoning restrictions. In response, petitioner filed an application for a use variance. Following a public hearing on the matter, respondent Zoning Board of Appeals of the Village of Colonie denied the application. Following dismissal of his CPLR article 78 petition by Supreme Court, this appeal by petitioner ensued.

We affirm. It is well established that to obtain a use variance, the proponent must show (1) unnecessary hardship, i.e., that the property cannot yield a reasonable return as currently zoned, (2) that the hardship results from unique characteristics of the property, and (3) that the proposed use will not alter the character of the neighborhood *(Matter of Courtney v City of Albany Bd. of Zoning Appeals,* 177 AD2d 820; *Matter of Citizens for Ghent v Zoning Bd. of Appeals,* 175 AD2d 528).

To satisfy the unnecessary hardship requirement, the landowner must submit "dollars and cents" evidence establishing that no permissible use would yield a reasonable return *(Matter of Shinnecock Hills Golf Club v Nardy,* 62 NY2d 761; *Matter of Citizens for Ghent v Zoning Bd. of Appeals, supra; Matter of Kontogiannis v Fritts,* 144 AD2d 850, 851); bare conclusory testimony of witnesses that the property cannot yield a reasonable return is insufficient *(Matter of Village Bd. v Jarrold,* 53 NY2d 254, 259), as is testimony that the property might yield a higher return if the use variance is granted *(Matter of Varley v Zoning Bd. of Appeals,* 131 AD2d 905). Even if a hardship is demonstrated, however, a use variance will not be granted if the hardship is self-imposed, such as where the landowner was aware of the zoning restrictions at the time of purchase *(see, e.g., Matter of Courtney v City of Albany Bd. of Zoning Appeals, supra).*

While petitioner argues that the narrow width of the property (approximately 254 feet at its widest point) and its proximity to the Northway render it undesirable for residential development, absolutely no dollars and cents evidence was submitted to support this conclusion. The only evidence presented was that of petitioner's attorney, who asserted that because property on the other side of the Northway is commercially zoned the highest and best use of this property is for commercial use and that there is absolutely no residential market for the property. Clearly, this evidence is insufficient to meet petitioner's burden. In any event, this argument is severely undercut by the indisputable fact that petitioner currently derives rental income of approximately $6,000 annually from the single-family dwelling located on the property. Moreover, inasmuch as petitioner admits that he was aware of the zoning restrictions at the time he purchased the property and was aware that one year prior to his purchase the Zoning Board had refused to rezone the property for commercial use, petitioner's hardship, if any, was self-imposed. In view of the foregoing, it cannot be said that the denial of petitioner's application by the Zoning Board was arbitrary or capricious *(see, Matter of Schaeffer v Zoning Bd. of Appeals,* 142 AD2d 848).

Finally, inasmuch as there is no procedure under the Village Code for the granting of a special use permit, the Zoning Board's failure to address the availability of this relief does not require remittal for further proceedings.

Weiss, P. J., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.