■ In the Matter of AMCO DEVELOPMENT, INC., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF PERINTON, Respondent.—Judgment unanimously affirmed with costs. Memorandum: Before a zoning board of appeals may exercise its discretion and grant a use variance upon the ground that literal application of the zoning ordinance would result in unnecessary hardship, the applicant must show that "(1) the land in question cannot yield a reasonable return if used only

for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality" *(Matter of Otto v Steinhilber,* 282 NY 71, 76, *rearg denied* 282 NY 681; *see also, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257).

Respondent's determinations that the parcel's unique circumstances constituted a self-created hardship and that the applicant failed to show that the land could not yield a reasonable return are supported by substantial evidence. Roughly two-thirds of the parcel consist of wetlands or a wetlands buffer area. This unique circumstance exists, however, because the owner divided the property into four lots and sold three of the parcels for residential development, leaving the subject parcel as a vacant lot. Further, that subdivision of the land was accomplished without the approval of zoning authorities.

Petitioner failed to submit evidence of the purchase price that the owner had paid for the entire property. Instead, it attempted to show that the property could not yield a reasonable return by submitting evidence of the price it had agreed to pay for the purchase of only the subject parcel. Although a contract vendee may apply for a use variance, "it is the *vendor's* rights that are being determined" *(Matter of Colony Park v Malone,* 25 Misc 2d 1072, 1077). Thus, the price that the owner initially paid for the property, the amounts realized from sales of the three other parcels, and the market value of the remaining parcel for uses permitted within the zone are essential and relevant factors in establishing whether the property can yield a reasonable return *(see, Matter of Village Bd. v Jarrold, supra,* at 260; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39, 44; *Matter of Iannucci v Casey,* 140 AD2d 343, 344, *lv denied* 74 NY2d 614; *see generally,* 2 Anderson, New York Zoning Law and Practice § 23.13 [3d ed]). It is immaterial that the property will yield a higher return for a use not permitted within the zone *(see, Matter of Ryan v Miller,* 164 AD2d 968). (Appeal from Judgment of Supreme Court, Monroe County, Rosenbloom, J.—Article 78.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.