■ In the Matter of CONCERNED RESIDENTS OF NEW LEBANON et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF NEW LEBANON et al., Appellants. [634 NYS2d 825] —White, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 17, 1994 in Columbia County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, annul a determination of respondent Zoning Board of Appeals of the Town of New Lebanon approving a use and area variance.

Respondent Lebanon Valley Auto Racing, Inc. (hereinafter Lebanon Valley) owns a 96.4-acre parcel of property in the Town of New Lebanon, Columbia County, that is situated within a commercial recreation zoning district. In early 1993, Lebanon Valley leased an 8.2-acre portion of this property to respondent King Road Materials, Inc. (hereinafter KRM) which, on April 26, 1993, obtained a building permit from the Town for the construction of a concrete foundation for a "portable" asphalt plant despite the fact that industrial uses are not permitted in a commercial recreation district. Although the asphalt plant had been built and was operating, the Town Board, on September 13, 1993, revoked the building permit and issued a conditional stop work order, effective November 5, 1993, if KRM had not obtained a use variance by then. Thereafter, KRM applied for use and area variances, respondent Zoning Board of Appeals (hereinafter ZBA) issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8) and, on December 14, 1993, granted the requested variances to KRM. Petitioners then commenced this CPLR article 78 proceeding challenging the ZBA's determinations. Supreme Court annulled the use and area variances as well as the negative declaration, prompting this appeal by respondents.*

Initially, we shall not consider respondents' claim that this proceeding is moot because this issue was not raised before Supreme Court (see, *Matter of Granger & Sons v State of N. Y. Facilities Dev. Corp.,* 207 AD2d 596, 598; *Agostino v Monticello Greenhouses,* 166 AD2d 471, 472).

To obtain a use variance, an applicant must show (1) unnecessary hardship which requires " 'dollars and cents' " proof that the property cannot yield a reasonable return as currently zoned, (2) that the hardship results from unique characteristics of the property, and (3) that the proposed use will not alter the character of the neighborhood (*Matter of Crossroads Recreation v Broz,* 4 NY2d 39, 44; *Matter of Drake v Zoning Bd. of Appeals,* 183 AD2d 1031; *see also,* Town Law § 267-b [2] [b]).

Our review of the record discloses that KRM's proof of unnecessary hardship was deficient. The primary deficiency is that its analysis of the rate of return of the property as currently zoned is limited to its 8.2-acre leasehold rather than the 96.4 acres owned by Lebanon Valley (*see, Matter of Citizens for Ghent v Zoning Bd. of Appeals,* 175 AD2d 528, 529). This defi-

---

* The ZBA has not filed a brief, electing instead to rely on the brief filed by KRM and Lebanon Valley.

ciency was not cured by the conjectural opinion of KRM's expert that expanding the site would not increase the rate of return (*see, Matter of Wheeler v City of Elmira*, 101 AD2d 647, 649, *affd* 63 NY2d 721). Another significant deficiency is that KRM did not submit any evidence regarding the price Lebanon Valley paid for the 96.4-acre parcel, the present value of the parcel, the real estate taxes and other carrying charges, the amount of any mortgages or liens or the income Lebanon Valley is presently deriving from the property, all factors relevant to the determination of whether the property is yielding a reasonable return (*see, Matter of Miltope Corp. v Zoning Bd. of Appeals*, 184 AD2d 565, 566, *lv denied* 80 NY2d 760; *see also*, 2 Anderson, New York Zoning Law and Practice § 23.13, at 179-180 [3d ed]). Thus, given these deficiencies, we concur with Supreme Court's finding that the evidence before the ZBA did not support the granting of a use variance to KRM.

It is unnecessary for us to reach respondents' arguments regarding Supreme Court's annulment of the area variance and negative declaration since the annulment of the use variance rendered them academic (*see, Matter of Delmarco v Zoning Bd. of Appeals*, 204 AD2d 447, 448). We have also declined respondents' invitation to remit this matter to the ZBA as it is not necessary to do so since the annulment of the ZBA's determinations will not preclude KRM from renewing its applications (*see, Matter of Belgarde v Kocher*, 215 AD2d 1002, 1003).

For these reasons, we affirm the judgment of Supreme Court.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.