*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015                    519264
_____

In the Matter of JOSEPH NEMETH
    et al.,
                    Appellants,

        v                                    MEMORANDUM AND ORDER

VILLAGE OF HANCOCK ZONING BOARD
    OF APPEALS et al.,
                    Respondents.
_____

Calendar Date:  January 8, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____

        Sussman & Watkins, Goshen (Michael H. Sussman of counsel),
for appellants.

        Coughlin & Gerhart, LLP, Binghamton (Robert M. McKertich of
counsel), for Village of Hancock Zoning Board of Appeals,
respondent.

        Pope & Schrader, LLP, Binghamton (Alan J. Pope of counsel),
for Rosa Kuehn and others, respondents.

_____

Peters, P.J.

        Appeal from a judgment of the Supreme Court (Becker, J.),
entered October 4, 2013 in Delaware County, which dismissed
petitioners' application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Village of
Hancock Zoning Board of Appeals granting a request by respondents
Rosa Kuehn, Perry Kuehn and K-Tooling for a use variance.

The pertinent facts are fully set forth in an earlier appeal in a related matter (Nemeth v K-Tooling, 100 AD3d 1271 [2012]).  Briefly stated, petitioners own property adjacent to property owned by respondents Rosa Kuehn and Perry Kuehn, upon which respondent K-Tooling operates an industrial manufacturing business as a nonconforming use (id. at 1274-1275).  Previously, this Court determined that K-Tooling and the Kuehns (hereinafter collectively referred to as respondents) unlawfully expanded their nonconforming use by constructing an addition onto the manufacturing facility in 2001, after a zoning code was enacted prohibiting manufacturing use in the zone in which the property was located, and issued an injunction prohibiting use of the addition for any nonresidential purposes (id. at 1275).  Thereafter, respondents applied for and received a use variance from respondent Village of Hancock Zoning Board of Appeals (hereinafter ZBA) allowing the continued use of the addition in the manufacturing process.  Petitioners commenced this CPLR article 78 proceeding to annul the ZBA's determination, arguing that respondents failed to establish an unnecessary hardship warranting a use variance for the addition.  Supreme Court dismissed the petition, prompting this appeal.

We reverse.  An applicant for a use variance bears the burden of demonstrating, among other things, that the property cannot yield a reasonable return if used for any of the purposes permitted as it is currently zoned (see Town Law § 267-b [2] [b]; Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d 254, 257 [1981]; Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d 1280, 1281 [2011]).  Where, as here, a use variance is sought to expand a nonconforming use, "the applicant must demonstrate that the land cannot yield a reasonable return if used as it then exists or for any other use allowed in the zone" (Matter of Upper Delaware Ave. Assn. of Delmar v Fritts, 124 AD2d 273, 274-275 [1986], appeal dismissed 69 NY2d 933 [1987] [emphasis added and omitted]; see Matter of Crossroads Recreation v Broz, 4 NY2d 39, 44 [1958]).  Such an inability to yield a reasonable return must be established through the submission of "dollars and cents" proof with respect to each permitted use (see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 174 [2002]; Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d at

1281; Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals, 227 AD2d 779, 780 [1996]).

Since the operation of the industrial manufacturing facility, as it existed at the time the prohibitory zoning ordinance was enacted in 1983, was a nonconforming use that was permitted to continue because the property was devoted to such a use before the ordinance took effect, it was a use that was permitted in that zone.  Further, the property is located in an R1 residential district and, thus, residential uses were also permitted in that zone.  Therefore, respondents had the burden of proving that their property could not yield a reasonable return if used as a presently existing nonconforming use – i.e., as a manufacturing facility without use of the addition for manufacturing purposes – or if used for any residential use (see Matter of Crossroads Recreation, Inc. v Broz, 4 NY2d at 44). Respondents' proof was insufficient to meet either of these showings.

With regard to whether the property could yield a reasonable rate of return if continued to be used for manufacturing purposes without utilizing the 800-square-foot addition, the evidence presented at the hearing established that the addition is used to house older equipment that has been replaced by more advanced, efficient equipment.  While the record is unclear as to whether the older machinery stored in the addition is still being put to productive use and contributing to the manufacturing process, no financial evidence was presented as to the profitability, if any, generated from those machines in relation to the business as a whole.  Perry Kuehn's bare conclusory statements that an additional "10 to 20 percent" of revenue would be needed to find a similarly sized location to house the older manufacturing equipment, and that "we [would] go out of business" without the addition, are simply insufficient to constitute the requisite "dollars and cents" proof necessary to demonstrate an inability to realize a reasonable return (see Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d at 259; Matter of Conte v Town of Norfolk Zoning Bd. of Appeals, 261 AD2d 734, 736 [1999]; Matter of Miltope Corp. v Zoning Bd. of Appeals of Town of Huntington, 184 AD2d 565, 566 [1992], lv denied 80 NY2d 760 [1992]; Matter of Drake v Zoning Bd. of

Appeals of Vil. of Colonie, 183 AD2d 1031, 1032 [1992]).

Even if there were sufficient proof to demonstrate an inability to realize a reasonable return on the property if used as it presently exists for manufacturing purposes, no evidence was presented as to the financial implications of converting the entire property to residential use, which is a use permitted in that zone. While financial evidence was presented on the cost of converting the addition to a residential use, "[it] is . . . with respect to the whole tract that reasonableness of return is to be measured" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 503-504 [1983]; see Matter of Concerned Residents of New Lebanon v Zoning Bd. of Appeals of Town of New Lebanon, 222 AD2d 773, 774 [1995]; Matter of Amco Dev. v Zoning Bd. of Appeals of Town of Perinton, 185 AD2d 637, 638 [1992]; Matter of Citizens for Ghent v Zoning Bd. of Appeals of Town of Ghent, 175 AD2d 528, 529 [1991]; Matter of Upper Delaware Ave. Assn. of Delmar v Fritts, 124 AD2d at 275). The fact that respondents' application for a use variance was limited to the addition is of no moment; the inquiry as to an inability to realize a reasonable return may not be segmented to examine less than all of an owner's property rights subject to a regulatory regime (see Matter of Concerned Residents of New Lebanon v Zoning Bd. of Appeals of Town of New Lebanon, 222 AD2d at 774; Matter of Amco Dev. v Zoning Bd. of Appeals of Town of Perinton, 185 AD2d at 638; Matter of Citizens for Ghent v Zoning Bd. of Appeals of Town of Ghent, 175 AD2d at 529-530).

Since there was insufficient proof that the land could not yield a reasonable return as it existed as a nonconforming use or for any other use permitted in the zone, the ZBA should not have granted the variance.

Lahtinen and McCarthy, JJ., concur.


Lynch, J. (dissenting).

I respectfully dissent. "Judicial review of a zoning board determination is limited to an examination of whether it has a rational basis and is supported by substantial evidence" (Matter

of Sullivan v City of Albany Bd. of Zoning Appeals, 20 AD3d 665, 666 [2005], lv denied 6 NY3d 701 [2005] [citation omitted]). To qualify for a use variance, an applicant must demonstrate that limiting the use to applicable zoning restrictions would cause "unnecessary hardship," demonstrated by showing that (1) the applicant cannot realize a reasonable return through permitted uses, (2) the hardship flows from the unique characteristics of the property, (3) the proposed use would not alter the essential character of the neighborhood, and (4) the hardship has not been self-created (Village Law § 7-712-b [2] [b]; see Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d 254, 257 [1981]; Matter of Sullivan v City of Albany Bd. of Zoning Appeals, 20 AD3d at 666). Notably, counsel for each party acknowledged at oral argument that the use variance here is limited to the addition, i.e., the balance of the property utilized for manufacturing continues as a permitted, nonconforming use.

As to the first element, petitioners maintain that respondents K-Tooling, Rosa Kuehn and Perry Kuehn (hereinafter collectively referred to as respondents) failed to provide sufficient financial proof that using the addition for residential purposes would not yield a reasonable return. In an instance, as here, where a use variance is required to expand a nonconforming use "the applicant must demonstrate that the land cannot yield a reasonable return if used as it then exists or for any other use allowed in the zone" (Matter of Upper Delaware Ave. Assn. of Delmar v Fritts, 124 AD2d 273, 274-275 [1986], appeal dismissed 69 NY2d 933 [1987]; see Matter of Crossroads Recreation v Broz, 4 NY2d 39, 44 [1958]). As such, the question here is not simply the economic feasibility of converting the addition to a residential use. The core question remains whether respondents established that the property could not yield a reasonable rate of return without utilizing the addition in the manufacturing process, or otherwise utilizing the entire parcel for residential purposes. Generally, this element "require[s] proof, in dollars and cents form, of all matters bearing upon the return available under existing zoning" (Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d at 257). In considering the property as it then exists, however, we must account for the fact that the addition had been utilized in the manufacturing process

since 2001, until precluded by this Court's decision in 2012. Respondent Village of Hancock Zoning Board of Appeals (hereinafter ZBA) concluded that the cost of converting the addition to a residential use, relocating the facility and/or shutting down manufacturing in the addition demonstrated that respondents could not realize a reasonable return on the property without a use variance for the addition. The ZBA relied upon documented proof, including a construction cost estimate and a market assessment from a licensed real estate broker, that a renovation of the addition for residential use, and corresponding conversion of the brick building, would cost over $160,000, resulting in a net monthly loss of $333. In addition, the Delaware County Department of Economic Development estimated the cost of relocating the manufacturing facility at between $1.5 and $2.2 million. Perry Kuehn testified that, without the addition, respondents would have to conduct part of the manufacturing process in a separate location off site, resulting in an estimated 10% to 20% extra cost that would put them out of business. Moreover, as a practical matter, given the prohibitive cost of relocating the manufacturing facility, a conversion of the entire property to a residential use would effect a closure of the business, which employs approximately 12 people. As such, it is manifest that a residential conversion would not yield a reasonable rate of return, such that specific dollars and cents proof for a residential option is simply unnecessary. Cumulatively, these factors provide substantial evidence for the ZBA's determination that respondents could not realize a reasonable rate of return from the property absent a use variance for the addition.

Since it has been judicially established that the property contains a long-standing, nonconforming industrial use that has included the addition since 2001, the ZBA could readily conclude that the property is unique (see Matter of Douglaston Civic Assn. v Klein, 51 NY2d 963, 965-966 [1980]). For the same reason, the ZBA reasonably determined that the proposed use would not alter the character of the neighborhood, particularly in view of the rejection of petitioners' earlier nuisance claim (see Nemeth v K-Tooling, 100 AD3d 1271, 1272-1273 [2012]). Finally, since the Kuehns purchased this property in 1971 and the Village enacted its first zoning law in 1983, placing this property in an R1

residential district, the ZBA could rationally conclude that the hardship was not self-imposed (see Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d 1280, 1283-1284 [2011]).  For these reasons, I would affirm Supreme Court's judgment.


        ORDERED that the judgment is reversed, on the law, without costs, and petition granted.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court