Peters, P.J.
Appeal from a judgment of the Supreme Court (Becker, J.), entered October 4, 2013 in Delaware County, which dismissed petitioners’ application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Vil *1361 lage of Hancock Zoning Board of Appeals granting a request by respondents Rosa Kuehn, Perry Kuehn and K-Tooling for a use variance.
The pertinent facts are fully set forth in an earlier appeal in a related matter (Nemeth v K-Tooling, 100 AD3d 1271 [2012]). Briefly stated, petitioners own property adjacent to property owned by respondents Rosa Kuehn and Perry Kuehn, upon which respondent K-Tooling operates an industrial manufacturing business as a nonconforming use (id. at 1274-1275). Previously, this Court determined that K-Tooling and the Kuehns (hereinafter collectively referred to as respondents) unlawfully expanded their nonconforming use by constructing an addition onto the manufacturing facility in 2001, after a zoning code was enacted prohibiting manufacturing use in the zone in which the property was located, and issued an injunction prohibiting use of the addition for any nonresidential purposes (id. at 1275). Thereafter, respondents applied for and received a use variance from respondent Village of Hancock Zoning Board of Appeals (hereinafter ZBA) allowing the continued use of the addition in the manufacturing process. Petitioners commenced this CPLR article 78 proceeding to annul the ZBA’s determination, arguing that respondents failed to establish an unnecessary hardship warranting a use variance for the addition. Supreme Court dismissed the petition, prompting this appeal.
We reverse. An applicant for a use variance bears the burden of demonstrating, among other things, that the property cannot yield a reasonable return if used for any of the purposes permitted as it is currently zoned (see Town Law § 267-b [2] [b]; Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d 254, 257 [1981]; Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d 1280, 1281 [2011]). Where, as here, a use variance is sought to expand a nonconforming use, “the applicant must demonstrate that the land cannot yield a reasonable return if used as it then exists or for any other use allowed in the zone” (Matter of Upper Delaware Ave. Assn. of Delmar v Fritts, 124 AD2d 273, 274-275 [1986], appeal dismissed 69 NY2d 933 [1987] [emphasis added and omitted]; see Matter of Crossroads Recreation v Broz, 4 NY2d 39, 44 [1958]). Such an inability to yield a reasonable return must be established through the submission of “dollars and cents” proof with respect to each permitted use (see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 174 [2002]; Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d at 1281; Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals, 227 AD2d 779, 780 [1996]).
*1362 Since the operation of the industrial manufacturing facility, as it existed at the time the prohibitory zoning ordinance was enacted in 1983, was a nonconforming use that was permitted to continue because the property was devoted to such a use before the ordinance took effect, it was a use that was permitted in that zone. Further, the property is located in an R1 residential district and, thus, residential uses were also permitted in that zone. Therefore, respondents had the burden of proving that their property could not yield a reasonable return if used as a presently existing nonconforming use — i.e., as a manufacturing facility without use of the addition for manufacturing purposes — or if used for any residential use (see Matter of Crossroads Recreation v Broz, 4 NY2d at 44). Respondents’ proof was insufficient to meet either of these showings.
With regard to whether the property could yield a reasonable rate of return if continued to be used for manufacturing purposes without utilizing the 800-square-foot addition, the evidence presented at the hearing established that the addition is used to house older equipment that has been replaced by more advanced, efficient equipment. While the record is unclear as to whether the older machinery stored in the addition is still being put to productive use and contributing to the manufacturing process, no financial evidence was presented as to the profitability, if any, generated from those machines in relation to the business as a whole. Perry Kuehn’s bare conclusory statements that an additional “10 to 20 percent” of revenue would be needed to find a similarly sized location to house the older manufacturing equipment, and that “we [would] go out of business” without the addition, are simply insufficient to constitute the requisite “dollars and cents” proof necessary to demonstrate an inability to realize a reasonable return (see Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d at 259; Matter of Conte v Town of Norfolk Zoning Bd. of Appeals, 261 AD2d 734, 736 [1999]; Matter of Miltope Corp. v Zoning Bd. of Appeals of Town of Huntington, 184 AD2d 565, 566 [1992], lv denied 80 NY2d 760 [1992]; Matter of Drake v Zoning Bd. of Appeals of Vil. of Colonie, 183 AD2d 1031, 1032 [1992]).
Even if there were sufficient proof to demonstrate an inability to realize a reasonable return on the property if used as it presently exists for manufacturing purposes, no evidence was presented as to the financial implications of converting the entire property to residential use, which is a use permitted in that zone. While financial evidence was presented on the cost of converting the addition to a residential use, “ [i] t is . . . with respect to the whole tract that reasonableness of return is to *1363 be measured” (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 503-504 [1983]; see Matter of Concerned Residents of New Lebanon v Zoning Bd. of Appeals of Town of New Lebanon, 222 AD2d 773, 774 [1995]; Matter of Amco Dev. v Zoning Bd. of Appeals of Town of Perinton, 185 AD2d 637, 638 [1992]; Matter of Citizens for Ghent v Zoning Bd. of Appeals of Town of Ghent, 175 AD2d 528, 529 [1991]; Matter of Upper Delaware Ave. Assn, of Delmar v Fritts, 124 AD2d at 275). The fact that respondents’ application for a use variance was limited to the addition is of no moment; the inquiry as to an inability to realize a reasonable return may not be segmented to examine less than all of an owner’s property rights subject to a regulatory regime (see Matter of Concerned Residents of New Lebanon v Zoning Bd. of Appeals of Town of New Lebanon, 222 AD2d at 774; Matter of Amco Dev. v Zoning Bd. of Appeals of Town of Perinton, 185 AD2d at 638; Matter of Citizens for Ghent v Zoning Bd. of Appeals of Town of Ghent, 175 AD2d at 529-530).
Since there was insufficient proof that the land could not yield a reasonable return as it existed as a nonconforming use or for any other use permitted in the zone, the ZBA should not have granted the variance.
Lahtinen and McCarthy, JJ., concur.