■ In the Matter of Paul Leone et al., Appellants, v City of Jamestown Zoning Board of Appeals et al., Respondents. [56 NYS3d 762]—

Appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), dated August 11, 2016 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated, the petition is granted, and the determination is annulled.

Memorandum: Petitioners, residents of the City of Jamestown, challenge the determination of respondent City of Jamestown Zoning Board of Appeals (ZBA) to grant a use variance to respondents Jamestown Community College (JCC) and Lynn Development, Inc. (Lynn), thereby permitting the use of a mansion (hereafter, Sheldon House) for, in part, commercial purposes. JCC acquired the Sheldon House when its previous owner donated it to JCC in 1977. In 2015, Lynn offered to purchase the Sheldon House, contingent on the obtaining of a use variance allowing Lynn to locate its corporate headquarters there. After an environmental review and a public hearing, the ZBA granted the use variance, albeit without making any findings of fact or reaching any conclusions of law addressing whether JCC and Lynn met their burden of establishing the four requirements of unnecessary hardship set forth in the Zoning Ordinance of the City of Jamestown, New York (Zoning Ordinance; see General City Law § 81-b [3]). Petitioners, owners of homes near the Sheldon House who opposed the granting of the use variance, filed a CPLR article 78 petition seeking to annul the ZBA's determination as legally deficient and arbitrary and capricious. In dismissing the petition, Supreme Court concluded that JCC and Lynn had "presented substantial evidence, especially regarding the four-pronged hardship test, providing the ZBA with a rational basis upon which to issue a variance." Petitioners contend on appeal that JCC and Lynn failed to satisfy the four requirements for the issuance of a use variance based on unnecessary hardship, and that the court erred in deferring to the ZBA. We agree, and we therefore reverse the judgment and reinstate and grant the petition, thereby annulling the ZBA's determination.

Section 300-1106(A) of the Zoning Ordinance provides in pertinent part, "No . . . use variance shall be granted without

a showing by the applicant that applicable zoning regulations and restrictions have caused unnecessary hardship." In order to prove such unnecessary hardship, the Zoning Ordinance requires the applicant to establish, among other things, that, for each and every permitted use under the zoning regulations for the particular district where the property is located, the applicant cannot realize a reasonable return and that the lack of return is substantial as demonstrated by competent financial evidence (*see* § 300-1106 [A] [1]; *see generally Matter of Morrissey v Apostol*, 75 AD3d 993, 996-997 [2010]). In other words, the applicant must demonstrate "by dollars and cents proof" that he or she cannot realize a reasonable return by any conforming use (*Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254, 256 [1981]). As part of that demonstration, the applicant must necessarily establish what a reasonable return for the property is (*see id.* at 257). An applicant's failure to establish that he or she cannot realize a reasonable return by any conforming use requires denial of the use variance by the ZBA (*see generally Edwards v Davison*, 94 AD3d 883, 884 [2012]; *Matter of Carrier v Town of Palmyra Zoning Bd. of Appeals*, 30 AD3d 1036, 1038 [2006], *lv denied* 8 NY3d 807 [2007]; *Matter of Stamm v Board of Zoning Appeals of Town of Greece*, 283 AD2d 995, 995 [2001]).

Here, JCC and Lynn failed to present any evidence to the ZBA to satisfy the first requirement of unnecessary hardship, i.e., that they could not realize a reasonable return on the property by any conforming use. In the absence of such evidence in dollars and cents form, there is no rational basis for the ZBA's finding that the premises would not yield a reasonable return in the absence of the requested use variance and, for that reason, we conclude that the ZBA's determination must be annulled (*see Jarrold*, 53 NY2d at 256; *Edwards*, 94 AD3d at 884; *Matter of Park Hill Residents' Assn. v Cianciulli*, 234 AD2d 464, 464 [1996]). In light of our conclusion with respect to the first requirement, we do not consider whether JCC and Lynn met their burden of establishing the other three requirements of unnecessary hardship (*see Carrier*, 30 AD3d at 1038; *Stamm*, 283 AD2d at 995). Present—Smith, J.P., Lindley, DeJoseph, NeMoyer and Curran, JJ.