Matter of Dean v Town of Poland Zoning Bd. of Appeals (2020 NY Slip Op 04242)





Matter of Dean v Town of Poland Zoning Bd. of Appeals


2020 NY Slip Op 04242


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
41
CA 18-01432

 

[*1]IN THE MATTER OF NED E. DEAN, JR., JOHN A.
PIERCE, TIMOTHY J. MEAD, STEVEN K. SMITH,
AND MICHELE ROSS, PETITIONERS-APPELLANTS,
 
V MEMORANDUM AND ORDER
 
v
TOWN OF POLAND ZONING BOARD OF APPEALS,
BRENDA M. BUNCE, TERRY A. NUNEZ, DENNIS R.
ORMOND, DAWN ORMOND CONSTANTINE AND THE
BROADWAY GROUP, LLC, RESPONDENTS-RESPONDENTS.
WRIGHT, WRIGHT AND HAMPTON, JAMESTOWN (EDWARD P. WRIGHT OF COUNSEL), FOR PETITIONERS-APPELLANTS.
JULIE B. HEWITT, JAMESTOWN, AND DAVID R. STAPLETON, FOR RESPONDENTS-RESPONDENTS BRENDA M. BUNCE, TERRY A. NUNEZ, DENNIS R. ORMOND, DAWN ORMOND CONSTANTINE, AND THE BROADWAY GROUP, LLC.


Appeal from a judgment of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered December 29, 2017 in a proceeding pursuant to CPLR article 78. The appeal was held by this Court by order entered March 15, 2019, decision was reserved and the matter was remitted to respondent Town of Poland Zoning Board of Appeals for further proceedings (170 AD3d 1498 [4th Dept 2019]). The proceedings were held and completed.
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated, the petition is granted, and the determination is annulled.
Memorandum: Respondents Brenda M. Bunce, Terry A. Nunez, Dennis R. Ormond, and Dawn Ormond Constantine (collectively, Ormond respondents), owners of an approximately 17-acre parcel of land, entered into an agreement to sell a two-acre section of that parcel to respondent The Broadway Group, LLC (Broadway), contingent on the issuance of a use variance allowing Broadway to construct a Dollar General store there. After an environmental review and a public hearing, respondent Town of Poland Zoning Board of Appeals (ZBA) granted the use variance, albeit without making any findings of fact regarding whether the application submitted by Broadway and the Ormond respondents (collectively, respondents) established the requisite unnecessary hardship (see Town Law § 267-b [2]). Petitioners, at least some of whom own homes near the two-acre parcel and who opposed the granting of the use variance, filed a CPLR article 78 petition seeking to annul the ZBA's determination. Supreme Court dismissed the petition, concluding that the record was sufficient to establish that the ZBA's determination had a rational basis and was not arbitrary and capricious, and petitioners appealed. This Court held the case, reserved decision, and "remit[ted] the matter to the ZBA to set forth the factual basis for its determination and articulate the reasons for it" (Matter of Dean v Town of Poland Zoning Bd. of Appeals, 170 AD3d 1498, 1499 [4th Dept 2019]).
Upon remittal, the ZBA individually addressed each of the four factors in Town Law § 267-b (2) and determined that respondents demonstrated "that applicable zoning regulations and restrictions have caused unnecessary hardship" (id.). Petitioners contend on appeal that respondents failed to satisfy at least one of the four requirements for the issuance of a use variance based on unnecessary hardship, that the ZBA's determination therefore was not supported by substantial evidence, and that the court thus erred in dismissing the petition. We [*2]agree with petitioners, and we therefore reverse the judgment, reinstate the petition, grant the petition, and annul the ZBA's determination.
In order to establish unnecessary hardship, the Town Law requires an applicant for a use variance to establish, among other things, that, for each and every permitted use under the zoning regulations for the particular district where the property is located, the applicant cannot realize a reasonable return for the property and that the lack of return is substantial as demonstrated by competent financial evidence (see § 267-b [2] [b] [1]; see generally Matter of Morrissey v Apostol, 75 AD3d 993, 996-997 [3d Dept 2010]). Thus, respondents were required to demonstrate "by dollars and cents proof" that they cannot realize a reasonable return by any conforming use (Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d 254, 256 [1981]). An applicant's failure to establish that he or she cannot realize a reasonable return by any conforming use requires denial of the use variance by the ZBA (see Matter of Leone v City of Jamestown Zoning Bd. of Appeals, 151 AD3d 1828, 1829 [4th Dept 2017]; see generally Edwards v Davison, 94 AD3d 883, 884 [2d Dept 2012]).
Here, respondents failed to meet that burden. Respondents submitted evidence of the cost of removing a decrepit 19th-century house from the two-acre parcel, including the costs of asbestos remediation and air monitoring, which would be required to sell the property as vacant land. However, there is no evidence in the record establishing whether respondents could realize a reasonable return on the parcel if it were used for any other conforming use. Indeed, respondents' expert did not discuss any possible use of the property other than as vacant land. Thus, inasmuch as respondents' expert failed to discuss the possible return with respect to all uses permitted within the zoning district, respondents failed to meet their burden of demonstrating that they cannot realize a reasonable return on the property without the requested use variance (see Leone, 151 AD3d at 1829).
Furthermore, the expert discussed only the possible return on a small section of the property owned by the Ormond respondents, rather than evaluating the potential return on the Ormond respondents' entire parcel (see Matter of Concerned Residents of New Lebanon v Zoning Bd. of Appeals of Town of New Lebanon, 222 AD2d 773, 774-775 [3d Dept 1995]; Matter of Amco Dev. v Zoning Bd. of Appeals of Town of Perinton, 185 AD2d 637, 638 [4th Dept 1992]). The fact that respondents' application for a use variance was limited to the two-acre parcel is "of no moment; the inquiry as to an inability to realize a reasonable return may not be segmented to examine less than all of an owner's property rights subject to a regulatory regime" (Matter of Nemeth v Village of Hancock Zoning Bd. of Appeals, 127 AD3d 1360, 1363 [3d Dept 2015]). The expert's failure to address respondents' ability to obtain a reasonable return on the remaining parts of the parcel, or on other permissible uses within the zoning district, is fatal to the application. Thus, the determination is not supported by substantial evidence (see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; Matter of Expressview Dev., Inc. v Town of Gates Zoning Bd. of Appeals, 147 AD3d 1427, 1428-1429 [4th Dept 2017]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court